[Weems v. Weems.]

# Weems *v.* Weems.

*Bill in Equity to enjoin Judgment at Law.*

1. *Injunction; dissolution of on denials in answer.*—As a general rule, subject to some exceptions, an injunction should be dissolved, when the answer contains a full, explicit and complete denial of the allegations on which the equity of the bill rests.

2. *Defense of suit against guardian of non compos mentis; negligence of guardian imputable to ward.*—When a person has been declared *non compos mentis*, his guardian may be sued upon any contract, tort, default, or miscarriage, made, done, or suffered before he was so declared; and when such suit is defended by his guardian, the negligence of the guardian, or his attorney, is, to some extent at least, imputable to the ward, as that of trustee is often visited upon the *cestui que trust*.

3. *Injunction against judgment at law; when properly dissolved on denials in answer.*—Where a bill in equity seeks to enjoin a judgment at law on defenses which could have been made in the court of law, no relief can be obtained without averring and proving (1) that the complainant has a good and meritorious defense to the entire cause of action, or to so much thereof as he proposes by his bill to litigate; (2) that his failure to defend at law was not attributable to his own omission, neglect or fault; and (3) that such failure was attributable to fraud, surprise, accident, or some act of his adversary; and an injunction issued on the filing of such bill should be dissolved, when, by answer, these facts are denied.

APPEAL from Cherokee Chancery Court.

Heard before Hon. N. S. GRAHAM.

This was a bill in equity by Joel Weems, Moses W. Maddux and James H. Savage against Asa Weems, seeking to enjoin a judgment at law obtained by Asa Weems against Joel Weems, and an execution issued against the said Joel, and Moses W. Maddux and James H. Savage, as sureties on a supersedeas bond, executed for the purpose of an appeal from said judgment to this court, on affirmance here of said judgment. According to the averments of the bill, the mind of Joel Weems having become "disordered and deranged," he was, on 15th January, 1876, by decree of the probate court of said county, based on a petition filed by Asa Weems, his son, adjudged and declared a "lunatic or *non compos mentis* ;" and he was sent to the Lunatic Assylum of this State, where he remained until about 1st April, 1876, when he was discharged on the ground that he had been restored to sanity. Moses W. Maddux was appointed guardian of said Joel. On 26th October, 1878, the said Joel "was arrested by Moses W. Maddux and others on a charge of lunacy, and he has, since said date, been under the

[Weems v. Weems.]

control of the said Moses W. Maddux, in Cherokee county, Alabama; and orators aver that said Joel occasionally has lucid intervals, and is now in the enjoyment of one of those lucid intervals." On 2d April, 1879, said Asa instituted a suit in the Circuit Court of Cherokee county against the said Joel, based on an account for goods, wares and merchandise sold, and money had and received; and on 27th February, 1880, he recovered the judgment here sought to be enjoined. When that cause was called for trial, on motion of the said Asa, and on proof to the court that said Joel was then a lunatic, the circuit court appointed two attorneys to represent the said Joel. At the time of the service of the summons and complaint in that cause, and at the time of the trial, the said Joel was a raving maniac, under strick guard, and mentally incapable of attending to the defense of the suit, or of advising others in reference thereto. From the judgment rendered in said suit, an appeal was taken to this court "for said Joel by his attorneys," and said judgment was superseded by execution of the bond required by the statute in such cases, by Moses W. Maddux, guardian, and the said Maddux, individually, and James H. Savage, as sureties. On the appeal, the judgment of the circuit court was affirmed on account of a defect in the bill of exceptions, the merits not having been considered; and afterwards the execution sought to be enjoined was issued. Relief against the judgment is sought on the grounds, that the said Joel owed the said Asa nothing; that the judgment was obtained by and through the false and fraudulent testimony of the said Asa, which is set out in great detail; and that by reason of surprise, the attorneys were not prepared to show the true character of said testimony. The bill also, by averments of facts and circumstances not necessary to be here stated, seeks to exculpate the guardian of the said Joel from fault or negligence touching the defense of said suit. Recently discovered evidence is also averred, by which the falsity of the said Asa's claim could be shown.

The defendant answered the bill under oath, and incorporated therein a demurrer, assigning numerous grounds; and thereupon he moved for a dissolution of an injunction issued on the filing of the bill, on the denials contained in his answer, on the demurrer, and on the want of equity in the bill. The denials in the answer are sufficiently indicated in the opinion. The chancellor, being of opinion that " the material averments of the bill are denied by the sworn answer of the defendant," caused a decree to be entered, dissolving the injunction; and that decree is here assigned as error.

[Weems v. Weems.]

CLOPTON, HERBERT & CHAMBERS and SAVAGE & DANIEL, for appellants.

WATTS & SONS, *contra.*

SOMERVILLE, J.—This appeal is from an interlocutory decree of the chancellor, dissolving an injunction which was procured to enjoin a judgment at law, rendered in favor of the appellee against Joel Weems, one of the appellants, *a non compos*, who defended by his guardian.

An injunction may be dissolved, either because the *answer denies the facts* on which the equity of the bill rests, or because the *bill is wanting in equity*, assuming all the facts alleged to be true.—*Miller v. Bates*, 35 Ala. 580; *Bishop v. Wood*, 59 Ala. 253. · The chancellor does not seem to have considered the equity of the bill, but places his ruling upon the denials of the answer alone.

The principle governing in such cases is, that where the answer contains a full, explicit and complete denial of the allegations on which the equity of the bill rests, the injunction should generally be dissolved.—*Bishop v. Wood*, 59 Ala. 253; *Saunders v. Cavett*, 38 Ala. 51; *Mallory v. Matlock*, 10 Ala. 595; 1 Brick. Dig. 677, § 548. There are exceptional cases in which, however, this rule is not applied.—*Chambers v. The Ala. Iron Co.*, 67 Ala. 353; *Miller v. Bates*, 35 Ala. 580; *Rembert v. Brown*, 17 Ala. 667.

The decree of the chancellor in this case is undoubtedly correct. The answer of the respondent denies, unequivocally and explicitly, every everment in the bill tending to impute fraud in the procurement of the judgment sought to be enjoined, and every allegation of fact assailing the justness or correctness of the demand on which the judgment was based, or even bringing in question the fairness of the trial, or the truthfulness of the testimony rendered. There is a complete denial also of the facts alleged in support of the averment of *surprise*, as well as of those allegations made with the view of exculpating the complainant's guardian from *fault* or *negligence* in having failed to make defense of the suit at law. Although the complainant was a person of unsound mind, his guardian could be lawfully sued for any contract, tort, default or miscarriage of himself, as a legal ward, which was made, done or suffered before such ward was placed under guardianship. Code, 1876, § 2795. The negligence of the guardian, or his attorneys, must, therefore, to a certain extent at least, be imputed to the ward, as that of the trustee is often visited upon the *cestui que trust.*—*Broda v. Greenwald*, 66 Ala. 538.

The defense sought to be set up in the bill against the judg-

[Denniston v. Alabama Gold Life Insurance Co.]

ment of the appellee could clearly have been made in a court of law, and where this is the case, no complainant can obtain relief in equity without averring and proving *three* states of fact : (1) That he has a good and meritorious defense to the entire cause of action, or to so much of it as he proposes by his bill to litigate ; (2) that his failure to defend at law was not attributable to his own omission, neglect or fault ; (3) that it was attributable to fraud, surprise, accident, or some act of his adversary.—*Hair v. Lowe,* 19 Ala. 224; *Collier v. Falk,* 66 Ala. 223 ; *Norman v. Burns,* 67 Ala. 248 ; *James v. James,* 55 Ala. 525 ; 1 Brick. Dig. 666, § 376. It is obvious that the denials of the answer in the present case go to these three vital points in the case made by the bill ; and this was sufficient to justify the dissolution of the pending injunction.

The decree of the chancellor must be affirmed.