# Prestwood *v.* Tillis & O'Neal.

96 181
107 621

*Garnishment in aid of Pending Action.*

1. *Presumptions on appeal to support judgment against garnishee.*—On appeal from an absolute judgment rendered against a garnishee, where the transcript shows none of the proceedings had in the Circuit Court, except the conditional judgment rendered against the garnishee upon his failure to answer the writ of garnishment, and the rendition of absolute judgment against him at a subsequent term of the court, nothing to the contrary appearing upon the face of the proceedings, the presumption will be indulged, from the recitals in the entry of the judgment, that all necessary steps were taken prior to the rendition of the absolute judgment against the garnishee, and that the proceedings were regular.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

On the 4th April, 1887, Tillis & O'Neal brought suit by attachment against Z. T. Allen, and had a writ of garnish-

ment issued to James A. Prestwood. The return of the
sheriff shows that the writ of garnishment was served on
Prestwood April 4, 1887. At the term of the court in March,
1888, a conditional judgment by default was rendered
against the garnishee. The transcript does not contain a
notice of the conditional judgment, issued to the garnishee
by the clerk, nor any return by the sheriff showing service
of such process. Nor is any judgment against the defend-
ant in attachment set out in the transcript. But the trans-
script contains a final judgment rendered against the gar-
nishee on August 28, 1890. The entry of this judgment, as
copied in the record, recites the rendition of the conditional
judgment against the garnishee; that a *scire facias* was
ordered to issue to him, which was done, and legally served
on him; that on March 13, 1889, the plaintiffs recovered a
judgment against the said Z. T. Allen for the sum of
$187 12-100, and the costs of suit; and that said garnishee
had failed to answer or show cause why the said conditional
judgment should not be made absolute.

The garnishee appeals, and now assigns as error the ren-
dition of the absolute judgment against him.

J. D. GARDNER, and W. D. ROBERTS, for appellant.

JOHN GAMBLE, and P. N. HICKMAN, *contra*.

STONE, C. J.—The only error assigned on this appeal
is the judgment rendered by the lower court in a garnish-
ment proceeding. There is no bill of exceptions in the
transcript. None of the proceedings had in the Circuit
Court are shown, except the conditional judgment rendered
against the garnishee upon his failure to answer the writ of
garnishment, and the rendition of absolute judgment.

Nothing to the contrary appearing on the face of the pro-
ceedings, every presumption of the correctness of the trial
court's rulings must be indulged on appeal. This rule of
practice is too firmly engrafted upon our jurisprudence to
need the citation of authorities. While the judgment may
not positively set forth all the formalities of judgments ren-
dered, still its recitals are sufficient to warrant the presump-
tion that all the necessary steps were taken prior to the ren-
dition of the absolute judgment, and that the proceedings
were all regular.

The judgment is affirmed.