# Tillis v. Prestwood.

*Bill in Equity to set aside Judgment at Law.*

1. *Final judgment; when set aside in equity.*—To avoid a final judgment of a court of jurisdiction, regular on its face, it is incumbent on the party against whom it is rendered to aver and prove, that he had a meritorious defense to the action, and that the judgment was obtained without fault or negligence on his part.

2. *Same; against garnishee.*—Where a judgment *nisi*, rendered against a garnishee in 1888, on personal service, was made absolute in 1890, and subsequently affirmed on appeal by the garnishee, the judgment will not be set aside in equity because plaintiff therein failed to serve notice of the judgment *nisi*, as required by Code, § 2980, unless fraud or other sufficient excuse for not appearing and defending against the garnishment suit is shown.

3. *Same; after appeal.*—Where a judgment *nisi* rendered against a garnishee on personal service is made absolute, without service of notice on the garnishee of the judgment, and on appeal by the garnishee to the Supreme Court the judgment is affirmed, the judgment of the lower court becomes merged in the judgment of the Supreme Court

[Tillis v. Prestwood.]

and the garnishee can not afterwards, in equity, go behind the judgment of the Supreme Court to show the irregularity, or want of notice of the rendition of the conditional judgment, in the proceedings of the trial court.

APPEAL from the Chancery Court of Covington.
Heard before the Hon. JERE N. WILLIAMS.

The facts sufficiently appear in the opinion of the court.

JOHN GAMBLE, SR., M. E. MILLIGAN, and P. N. HICKMAN, for the appellants.

JOHN D. GARDNER, for the appellee.—There is no pretense that notice was served on the appellant, of the judgment *nisi*. It is true the judgment entry recites that notice was given, and for this reason the appellee had to resort to equity.

The defense mainly relied upon in the court below is, that the judgment in the circuit court was affirmed on appeal in this court. The authorities are against this defense.—Freeman on Judgments, § 495. The author states in so many words, "If the record does not disclose the jurisdictional defect, an affirmance by the appellate court does not divest equity of the authority to grant relief."—Citing *Wilson v. Montgomery*, 14 S. & M., 205.

COLEMAN, J.—James A. Prestwood was summoned to answer as garnishee in the attachment suit of Tillis & O'Neal. Garnishment process was regularly executed on him on the 4th of April 1887, by which he was required to answer within the three first days of the return term of the writ of garnishment. The garnishee failed to appear or answer, and judgment *nisi* was entered against him at the spring term 1888. At the August term 1890, after judgment had been rendered against the defendant in attachment, the conditional judgment against the garnishee was made absolute. From the final judgment in the circuit court against him, the garnishee appealed to the Supreme Court, and there the judgment was affirmed. The garnishee Prestwood, then filed the present bill, by which he seeks to have the judgment against him set aside, and a new trial awarded, or to perpetually enjoin the respondents from enforcing and collecting their judgment. The grounds upon which the relief is based are

[Tillis v. Prestwood.]

that he had a perfect defense to the garnishment suit against him as garnishee, and that he was prevented from making the same by the fraud of the respondents, and further, that no notice of the conditional judgment was issued to him, nor was he served with notice as provided in section 2980 of the Code, and that he had no knowledge of the rendition of the conditional judgment, until four months after the same was made absolute and final. The bill avers that in appealing to the Supreme Court from the judgment of the circuit court the complainant mistook his remedy.

To avoid a final judgment of a court of jurisdiction, regular on its face, it is incumbent on the party against whom it is rendered to aver and prove, that he had a meritorious defense to the action, and that the judgment was obtained without fault or negligence on his part.— *Dunklin v. Wilson*, 64 Ala. 162; *Chastain v. Armstrong*, 85 Ala. 215; *Paul v. Malone*, 87 Ala. 544; 12 Am. & Eng. Enc. p. 145.

The bill and the evidence show that complainant was served with process of garnishment on the 4th day of April, 1887. He did not appear or file an answer for three years, and after the conditional judgment had been made absolute. He knew he was subject to a conditional judgment for failing to answer. No excuse is offered in the bill or in the evidence for this neglect. In fact the complainant relies solely upon the ground that he was not served with notice of the conditional judgment as provided by the statute. The failure to give notice of the conditional judgment was an irregularity which entitled him to have the absolute judgment set aside by seasonable application to the court, in which the judgment was rendered, or annulled and reversed by writ of error, but when he applies to a court of equity for equitable relief, having been regularly summoned, he must account for his negligence in not appearing and defending against the garnishment suit. The evidence also fully satisfies us that as a partner of Allen, the defendant in attachment, he had in possession and under his absolute control by the terms of the partnership agreement, property and effects, in which Allen owned an interest. A true answer as garnishee would have put the plaintiff in attachment in possession of facts, which would have enabled them to reach some interest of the debtor.

Again, by taking an appeal to the Supreme Court, he became subject to its jurisdiction and is bound by the judgment rendered.—*Prestwood v. Tillis*, 96 Ala. 181. The judgment of the circuit court became merged in the judgment of this court, and he cannot go behind the judgment of this court to show an irregularity or want of notice of the rendition of the conditional judgment, in the proceedings of the trial court. That he mistook his remedy, does not affect the conclusiveness and binding efficacy of the final judgment on appeal.—*Roach v. Privett*, 90 Ala. 391. The defense to the garnishment suit, if he had any, was not equitable in its character, but strictly legal. That it was not made in the circuit court is attributable to his own neglect, or misapprehension of his proper remedy.

There is no pretense that respondents were guilty of fraud or deceit, as charged in the bill. In fact the evidence shows, that they persistently prosecuted their claims against Allen and against the garnishee in open court and by legal procedure.

We can not sustain the decree rendered in this cause upon any hypothesis. The decree of the chancery court is reversed, and a decree will be here rendered, dismissing complainant's bill.

Reversed and rendered.