# Hudson, *et al.*, *v.* Jackson

*Bill in Equity to Annul Deed for Fraud and to Enjoin Ejectment Suit.*

[DECIDED APRIL 11, 1905.]

1. *Mortgagor and Mortgagee; Right of Mortgagor to Have Deed Annulled for Fraud, and to Enjoin Ejectment Suit.*—Where after the transfer of a mortgage, which did not convey the legal title of the mortgagee in the lands, the mortgagor executes a deed to the land described in the mortgage to the transferee, and the latter subsequently conveys the land to his vendee, who institutes an action of ejectment against the mortgagor to recover possession of the land, the mortgagor

[Hudson, *et al* v. Jackson.]

can maintain a bill for the purpose of having the deed executed to the transferee of the mortgage declared void for fraud practiced in procuring the execution of said deed, and to have said deed removed as a cloud on her title, and to enjoin the further prosecution of the ejectment suit; the mortgagor in such case having only an equity.

APPEAL from Jefferson Chancery Court.

Heard before the Hon. JOHN C. CARMICHAEL.

The facts in this case are sufficiently stated in the opinion.

W. S. WELCH, for appellants.—Cited *Merritt et al. v. Ehrm*, 22 S. R. 514, 116 Ala. 278; *Burke v. Taylor*, 10 S. R. 129; *Wilkinson et al. v. Wilkinson* et al., 30 S. R. 578; *Daugherty v. Powe*, 30 S. R. 524; *Kennedy v. Marrast*, 46 Ala. 161.

No counsel marked as appearing for appellee.

DENSON, J.—On the 8th day of April, 1903, Mitta Jackson, the complainant in this case, borrowed from the Citizens Bank of Bessemer one hundred eight and 70-100 dollars, and to secure the payment of the loan executed to the bank a mortgage on a town lot located in the town of Brighton in Jefferson county. The mortgage was payable thirty days from the date of its execution.

Sometime in July, 1903, the exact day is not shown, the mortgage was transferred to Eli Hudson by the bank, but the transfer did not convey the legal title of the mortgagee in the lands.

On the 7th day of May, 1903, and after the transfer of the mortgage to Hudson, Mitta Jackson executed to Eli Hudson a deed to the lot which she had mortgaged. Subsequent to the execution of the deed to Hudson by Mitta Jackson, Hudson conveyed the lot by deed to W. A. Reed and Reed conveyed by deed to one Tom Gardner. Mitta Jackson remained in possession of the lot and is still in possession.

On the 6th day of November, 1903, Tom Gardner instituted a statutory ejectment suit in the city court of

Bessemer against Mitta Jackson to recover possession of the lot.

On the 14th of November, 1903, Mitta Jackson brought the bill in this case in the chancery court of Jefferson county for the purpose of having the deed made by her to Eli Hudson declared void for fraud alleged to have been practiced by Hudson upon complainant in procuring the execution of the deed, to have the said deed removed as a cloud on complainant's title, to declare the deed from Hudson to Reed and from Reed to Gardner void and to enjoin Tom Gardner from the further prosecution of the ejectment suit.

The bill is exhibited against Eli Hudson, the Citizens Bank, W. A. Reed and Tom Gardner.

It is alleged in the bill that the complainant is willing, and she offers in the bill, to pay any amount which the court may ascertain to be due from her to any of the parties defendant. The complainant prays among other things, that a reference should be held by the register to ascertain the amount due to Eli Hudson on the mortgage purchased by him from the Citizens Bank.

The chancellor overruled a demurrer to the bill and a motion to dismiss for the want of equity. The demurrer and motion proceeded upon the theory that the complainant had a plain and adequate remedy at law.

It has been recently held by this court, that the powers of the chancery court cannot be successfully invoked by one in possession of real estate, holding under a legal title in form, against another who also asserts legal title to the same lands, and who is asserting that title by suit in ejectment. This ruling was based upon the principle, that it is the common right of all men to have their legal rights determined before law forums, and their contested legal demands tried by a jury of their country. *Wilson v. Miller*, in MS. The contention between the parties in the case cited, presented the naked question of the trial of strength between two rival legal titles, for the trial of which an action at law had been commenced, and was being prosecuted by the claimant out of possession, against the claimant in possession.

The only feature presented by the pleadings in the case at bar which may distinguish it from the case cited

*supra,* exempt it from the influence of that case and give the chancery court jurisdiction, is the mortgage feature.

The bill does not attack the validity of the mortgage executed by the complainant to the Citizen's Bank. it shows that the mortgage was transferred to Eli Hudson by the bank for value, but it avers in effect, however, that the transfers was not effectual to divest the legal title to the lot out of the bank and vest it in Hudson. Then according to the averments of the bill, the bank retained the naked legal title to the lot while Hudson's status was that of equitable assignee of the mortgage. Mitta Jackson's status if the deed executed by her to Hudson was invalid, was that of owner of the equity of redemption, and the equity of redemption is purely a creature of courts of equity.

So it would seem that in any view of the case, the only claim that the complainant has in the lands is a purely equitable one, one cognizable by a court of equity alone. If Hudson's deed from her should be set aside for fraud in its execution, still she would be without the legal title upon which to maintain or resist ejectment without redemption from the mortgage. With the deed set aside and redemption perfected, the legal title to the lands would be restored to her and she would be in position to successfully resist an ejectment suit.

While it is true that the chancery court will not oust the jurisdiction of the law court where the contest is solely between rival legal titles, yet when the plaintiff's claim, or the defendant's defense is equitable, this gives the court of chancery jurisdiction to inquire of and make available such equitable claim of defense.

It follows that the decree of the chancellor overruling the demurrer and the motion to dismiss for want of equity must be affirmed.

The defendants will be allowed thirty days in which to answer the bill.

Affirmed.

McClellan, C. J., Haralson and Dowdell, JJ., concurring.