[Hardeman v. Doneghey.]

# Hardeman v. Doneghey.

*Bill to Cancel and Surrender Mortgage, to Declare a Judgment Void, and for an Accounting.*

(Decided Dec. 22, 1910.   Rehearing denied Jan. 12, 1911.
54 South. 172.)

1. *Equity; Jurisdiction; Adequate Legal Remedy.*—Resort cannot be had to equity where there is a plain and adequate remedy at law.

2. *Cancellation of Instrument; Right of Action; Legal Remedy.*— Where the mortgagee of certain chattels converted the mortgage property after the debt was paid, and after the legal title was reinvested in the mortgagor under the statute, the mortgagor had the legal remedy of suing for the property in detinue, or in trover or trespass for taking and conversion; his legal remedy is adequate, and hence, he cannot sue in equity to compel the cancellation and surrender of the mortgage.

3. *Same.*—Where the mortgagee, after payment of the mortgage debt, brought detinue for the property and seized it under such writ, the mortgagor could have shown payment of the debt to defeat recovery, and in case judgment went against her in detinue she could have appealed.   So, where she failed to set up such defense in the detinue action, but permitted judgment to go against her, she cannot afterwards file a bill to compel the cancellation and surrender of the mortgage on the ground that the debt had been paid.

4. *Quieting Title; Cloud; Removal; Necessity of Possession.*—In order to maintain a bill to cancel a mortgage as cloud upon title, on the theory that the mortgage had been paid, the party filing the bill must be in possession of the mortgaged property at the time of such filing.

5. *Judgment; Equitable Remedy; Fraud.*—Equity will not grant relief against a judgment on the grounds of fraud except where the fraud was practiced in the procurement of the judgment, and in the proceedings by which it was obtained; it will not grant relief where the fraud was merely antecedent to the judgment, and the party was

[Hardeman v. Donaghey.]

not prevented by surprise or fraud of the other party from meeting the issues. Hence, a mortgagor may not sue in equity to declare void a judgment obtained by the mortgagee, in detinue brought to recover the mortgaged property, after the mortgage debt had been paid, although such judgment was obtained by fraudulently using the bill of sale or mortgage, as the mortgagor had opportunity to controvert such evidence at the trial, not having been prevented from showing such payment by fraud or surprise.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Margaret Donaghey against J. S. Hardeman, revived against B. F. Hardeman as administrator. Decree for complainant and respondent appeals. Reversed and rendered.

The bill sought to compel the surrender of a mortgage and its cancellation, to declare a judgment void, and to require J. S. Hardeman to render a full, true, and correct account of the dealings had with oratrix, and to declare a trust for her benefit. The case made by the bill is that oratrix borrowed some money from Hardeman at a usurious rate of interest, and to secure it gave a mortgage, without knowing that she was giving such a mortgage, and that she had by partial payments paid the money borrowed, together with a considerable amount in excess by way of usurious interest. It is further alleged that the property was seized by Hardeman by action of detinue begun in a justice court, that judgment was rendered against complainant, and the property sold to satisfy said judgment. The prayer is as indicated above.

INGE & MCCORVEY, and F. K. HALE, JR., for appellant. There was no equity in the bill, and the court should have sustained the demurrers thereto. The complainant had a plain and adequate remedy at law, and should have asserted it when the action of detinue was brought.—Sec. 3791, and 4899, Code 1907. Equity has no jurisdiction.—Sec. 3052, Code 1907. While the

bill charged fraud in the procurement of the judgment, there was no legal fraud shown or even hinted at in the evidence.—*Murphy v. Bishop,* 79 Ala. 404; *Levystein v. O'Brien,* 106 Ala. 356; *Hardt v. Life Assn.,* 54 Ala. 495; *Knox v. Tarver,* 8 Ala. 143; 34 Ala. 368; 28 Ala. 160; 30 L. R. A. 700. The remedy of the mortgagor was by appeal.—*Cobb v. Garner,* 105 Ala. 467.

G. H. KRUEMPEL, and EDWARD WALSH, for appellee. The bill contains equity, as one to compel a mortgagee who has taken possession of the mortgaged chattels after the debt is paid, to reconvey, or account to the mortgagor for their value as a trustee.—*Rodgers v. Johnson,* 133 Ala. 589; *Davis v. Hubbard,* 38 Ala. 185; *Hudson v. Jackson,* 39 Sou. (Ala.) 227; *Sims v. Canfield,* 2 Ala. 555; Jones on Chattel Mortgages, Sec. 684; Browne on Jurisdiction, p. 739; *Kent v. Dean,* 128 Ala. 610; Pomeroy's Equity Pl. & Pr. Sec. 1053-948; Extended note 115 American State Rep. 796. The averments of the bill show equity, as one to declare a party who has obtained a judgment by fraud, to be a trustee, requiring him to reconvey the property obtained thereunder, and to place the party defrauded in statu quo. —*Chamberlain v. Crook,* 42 Ala. 171; Kerr on Fraud and Mistake, p. 353; *Barnsley v. Powell,* 1 Vesey 120, 285; *Lee v. Lee,* 65 Ala. 603; *Hall v. Pegram,* 85 Ala. 522; *Bowling v. Speller,* 92 Ala. 269; 2 Smith's Leading Cases, 578. The bill contains equity as one to declare Hardeman a trustee ex maleficio.—*Kent v. Dean,* 128 Ala. 609; Pomeroy's Equity Pl. & Pr., Sec. 1053-948; Browne on Jurisdiction, p. 738; *Coleman v. Cocke,* 18 Am. Dec. 768; *McGowan v. McGowan,* 14 Gray 119. Being a suit involving a trust, and the redemption of mortgaged personal property, the jurisdiction of equity is not dependent upon the absence of a remedy at

law; and there was no such remedy.—*Davis v. Hubbard*, 38 Ala. 185; *Hudson v. Jackson*, 39 Sou. (Ala.) 227; *Sims v. Canfield*, 2 Ala. 555; *Rodgers v. Johnson*, 113 Ala. 589; *Stevens v. Hentzler*, 114 Ala. The question of the adequacy of the complainant's remedy at law was not raised in the chancery court, by the general demurrer or otherwise.—*Bunn v. Timberlake*, 104 Ala. 266; *Pierstoff v. Jorges*, 39 Am. St. Rep. 885.

ANDERSON, J.—If the complainant has a plain and adequate remedy at law, a court of equity cannot be resorted to as a substitute. The bill avers that the respondent converted complainant's property after the mortgage had been paid. If this was done, the taking was tortious, and she could bring detinue for the specific recovery of same or trover or trespass for the taking or conversion thereof. Of course, there are cases where the complainant has only an equitable title and the respondent has the legal title, in which courts of equity will take jurisdiction; but, if the mortgage was paid, the statute (section 4899 of the Code of 1907) revested the title in the mortgagor, and the plaintiff does not aver any facts which would indicate that she cannot establish the payment of the mortgage debt in a court of law, as there is not such a complication of accounts claimed as would need a court of equity to settle. On the other hand, if the respondent got the property under a writ of seizure, she could have shown payment of the mortgage debt and have defeated a recovery, and, if improperly decided against her in the justice court, she had the right to appeal, and, in the absence of some equitable right, she cannot resort to the chancery court, merely to revise the rulings of a court of law. It was held as far back as *Harrison v. Hicks*, 1 Port. 423, 27 Am. Dec. 638, that, where the mort-

gage debt has been paid, the legal title is perfect in the mortgagor, and a resort to equity would not be tolerated even if the mortgagee was in possession. This *Harrison Case* was discussed in the case of *Davis v. Hubbard,* 38 Ala. 185, and was explained and modified, in so far as it was against the equity of the bill then being considered, and it was there held that a mortgagor could maintain the bill to establish the payment of the mortgage debt and enjoin an action by the mortgagee for the property. It must be noted, however, that the mortgagor was in possession, which is not so in the present case, and the bill there is really one for the cancellation of the mortgage by a mortgagor in possession, and which is essential to a bill for the cancellation of an instrument as a cloud on the title; the court intimating that the complainant would have no right to maintain the bill, even if in possession of the property, had she permitted the suit she sought to enjoin to have gone to judgment. In the case of *Kelly v. Martin,* 107 Ala. 480, 18 South. 132, the court held that, notwithstanding the statute divested the title upon payment of the mortgage debt, the mortgagor, in possession, might maintain a bill in equity to cancel the mortgage as a cloud on her title. The point that she was in possession was expressly made, however, in the opinion, which, among others, cites the case of *Jones v. De Graffenreid,* 60 Ala. 145, and which holds that the bill cannot be maintained by one not in possession. The case of *Hudson v. Jackson,* 144 Ala. 410, 39 South. 227, relied upon by the chancellor, involved a bill filed by a complainant in possession. Moreover, there was no contest between rival legal titles; but the complainant was relying upon an equitable title which she could not successfully assert in a court of law. The issue here is: Who has the legal title, the complainant or respondent?

[Hardeman v. Donaghey.]

The bill avers that the mortgage was paid, and, if it was, complainant has the legal title, and the payment of the mortgage could be established in a court of law. It is true she might maintain a bill to remove the mortgage as a cloud, so long as she was in possession of the property (*Rea v. Longstreet*, 54 Ala. 291); but, not being in possession, she cannot resort to a court of equity to cancel the mortgage and recover the property or the value of same. If the property was tortiously taken, she has a plain remedy at law. If taken under legal process subsequently followed by a judgment, she could only regain same or the value thereof by getting rid of the judgment, which question we will discuss later.

Our court, in discussing the rights to equitable relief against judgments in courts of law, in the case of *Noble v. Moses*, 74 Ala. 616, in speaking through Somerville, J., says: "There can be no controversy as to the general rule on the subject. It is settled to be that the fraud which is imputed to the plaintiff in the judgment, and for which alone a court of equity will intervene to vacate or enjoin, must be fraud in the rendition or procurement of the judgment itself.—*Cromelin v. McCauley*, 67 Ala. 542. Or, as expressed by Mr. Story, 'the fraud must have been practiced in the very act of obtaining the judgment'—there must be 'fraud in its concoction.'—2 Story's Eq. Jur. § 1575. Fraud as to transactions antecedent to the judgment, such as would merely have constituted a good defense to the action, and not connected with the proceedings by which it was obtained, is deemed insufficient.—Freeman on Judgments, §§ 489-490; Story's Eq. Jur. § 1574. The nature of the fraud, too, must be such as is utterly repugnant to honest intentions. It must, in a sense, be shown to be actual and positive. To this end there

must exist the malus animus, 'putting itself in motion, and acting in order to take an undue advantage, for the purpose of actually and knowingly committing a fraud.'—Kerr on Fraud & Mistake, 353. When this is clearly established by proper proof, as said in the former decision of this court, 'it is honorable to our system of equity jurisprudence that such infection of fraud is made to vitiate every transaction, and the solemn judgments of courts are no exception to the salutary rule.'—*Cromelin v. McCauley,* 67 Ala. 547, supra. If there be no fraud in the act of obtaining or procuring the judgment, and equitable relief be sought against the judgment on a ground which went to the merits of the original suit at law, and which would have been available in that forum, the complainant is required, as a condition precedent to relief, to prove, as well as aver, three things: First, that he has a good and meritorious defense to the cause of action, or so much of it as he proposes to litigate; second, that his failure to defend at law was not attributable to his own omission, fault, or neglect; and, third, that it was attributable to fraud, surprise, accident, or some act of his adversary, the plaintiff in the judgment.—*Weems v. Weems,* 73 Ala. 462; *Collier v. Falk,* 66 Ala. 223; Freeman on Judgments, § 486; Willard's Eq. Jur. 161-163. There will be, in other words, no interference with the judgment at law, or reopening of the litigation involved in its rendition, unless a defense at law was prevented 'because of accident, or the fraud or act of his adversary, unmixed with fault or negligence on his part.'—*Waring v. Lewis,* 53 Ala. 615; *Duckworth v. Duckworth,* 35 Ala. 70; 2 Story's Equity Jur. §§ 887, 888."

There seems to be a well-defined distinction between fraud practiced in the rendition and procurement of a judgment, "in the very act of obtaining the judgment

or in its concoction," and in fraud antecedent to the judgment, such as would have constituted a good defense to the rendition of the judgment, but not connected with the proceedings by which it was obtained. In other words, to come within the former rule the fraud must relate to the proceedings, such as falsifying the entries, improperly influencing court, jury, witnesses, etc., such misconduct as has some direct bearing on the rendition of the judgment and not triable or subject of controversy under the issues involved upon the trial and the truth or falsity of which, was not in issue. The other class relates to matters incident to and connected with the trial, matters which can be controverted, but which the party against whom they are used has been prevented by accident, surprise, fraud, or mistake from meeting, and which said prevention was not due to any neglect or fault on the part of the complainant. If the judgment is rendered on testimony which is false, and the party against whom it was rendered knew that it was false and was not taken by surprise or prevented from meeting same, through the fault or fraud of the party offering same, a court of equity will not enjoin or vacate the said judgment.—*Weems v. Weems,* 73 Ala. 462; *Collier v. Falk,* 66 Ala. 223; *Watts v. Frazer,* 80 Ala. 188. "The rules of equity are strict in requiring a party seeking relief from a judgment at law to acquit himself of fault or neglect in respect of defenses which might have been interposed to prevent the judgment."—*Foshee v. McCreary,* 123 Ala. 493, 26 South. 309; *Tillis v. Prestwood,* 107 Ala. 618, 18 South. 134; *National Co. v. Hinson,* 103 Ala. 532, 15 South. 844. While the bill in the case at bar does aver that the judgment was procured by fraud and may not have been subject to the only demurrer interposed thereto, there was no proof showing such fraud as is contem-

24—170

plated in procuring the judgment as is covered by the first class. There may have been fraud but it consisted in the use of the bill of sale or mortgage as evidence upon the trial and the existence and validity of which was essential to the plaintiff's right to recover a judgment. Notwithstanding Hardeman may have known that it had been paid and fraudulently resorted to false testimony, it related to the fact which could have been controverted at the trial, and there is no proof of surprise or fraud which prevented the complainant from showing the payment of said mortgage. The complainant had the right to plead and show payment of the mortgage upon the trial in the justice court and to appeal therefrom if cast in the suit.—Sections 4899-3791 of the Code of 1907. Not only did she have the right but the record shows that she did interpose a plea of payment. Therefore the defense sought to be set up against the judgment is payment of the mortgage debt, and which could have been made in a court of law, and, where this is the case, she could obtain no relief in equity, without averring and proving that her failure to defend at law was not attributable to her own act, omission, or neglect, and that it was attributable to fraud, surprise, accident, or some act of her adversary, and which is not shown in this case. There may have been fraud on the part of Hardeman, but it related to a matter that could have been met by the complainant in the court of law. It related to an issue which she challenged by her plea of payment, and there is no proof that she was prevented from making her defense through accident, surprise, or act of Hardeman.

The case of *Chambers v. Crook*, 42 Ala. 171, 94 Am. Dec. 637, contains expressions that would indicate that a judgment obtained on false evidence relates to the actual procurement of the judgment, and that it can be

impeached in a court of equity whether the complaining party could have met it in the court of law or not.

A close analysis of this case, however, will show that the court was dealing with a bill to set aside a statutory award, and the statute there considered and referred to (2721) made the award conclusive and required the court to enter it up as made and to issue judgment upon it, and the court said: "And the party against whom the award is found can make no defense at law, unless he can prove that the arbitrators are guilty of fraud, partiality, or corruption in making it." The court doubtless proceeded upon the idea that the complainant did not have an adequate chance in a court of law of meeting and disputing the testimony used before the arbitrators; but should this case be construed, so as to extend the expressions to bills filed to vacate or enjoin judgments of courts of law, it would be in direct conflict with many more recent decisions of this court. In the case of *Weems v. Weems*, 73 Ala. 462, the ground upon which the bill was based was that the judgment had been obtained upon the false testimony of the plaintiff, and the court held that the complainant was represented in the court of law by his guardian and charged the complainant with the neglect or failure to defend against the judgment. It is also evident that the case of *Chambers v. Crook, supra,* does not apply to cases of this character and should be confined to the facts there considered, as we do not find it cited in any subsequent cases. On the other hand, in the case of *Collier v. Falk,* 66 Ala. 223, the opinion is in line with the present holding, notwithstanding the *Crook Case* was relied upon by the complainant in filing the bill. Says counsel in brief: "The bill in this case was filed, principally, on the authority of *Crook v. Chambers,* 42 Ala. 171, 94 Am. Dec. 637, to which the attention of the court is particularly invited." Yet

[Hardeman v. Donaghey.]

the court clung to the rule that a neglect to make the defense in a court of law would preclude the chancery court from vacating or enjoining the judgment, making no allusion to the cited *Crook Case,* the court evidently being of the opinion that what was there said had no bearing on cases of this character, but was confined to the award of the arbitrators, and which the complaining party could not contradict or impeach in a court of law, except for the misconduct of the arbitrators. The case of *Noble v. Moses,* 74 Ala. 604, cited and quoted from in this opinion, was in part overruled upon subsequent appeal (81 Ala. 530, 1 South. 217, 60 Am. Rep. 175), but not as to the point involved in the quotation.

The chancellor found that the mortgage was paid, and the evidence may have justified the conclusion, and, with this fact established, the result of the present holding can well be termed "a hard case"; but the complainant had her day in the court of law, she had every opportunity of showing that the instrument was paid and with the right of appeal to a higher court and jury, and she was not prevented from pursuing this course through accident or surprise or by the act or conduct of Hardeman. The established rules of law cannot be departed from or equitable principles disregarded in order to save some particular case that may appeal to the sympathy or conscience of a court. Hard cases should not be made quicksands of the law, in which the law is either hidden from sight or smirched beyond recognition.

The bill is in no sense one to redeem.

The decree of the chancery court is reversed, and one is here rendered dismissing the bill.

Reversed and rendered.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.