(89 South. 491)
**ROCHE v. SLOCUMB et al. (3 Div. 479.)**

(Supreme Court of Alabama. May 19, 1921. Rehearing Denied June 23, 1921.)

1. **Guardian and ward** ☞105(1)—**Anticipatory action by guardian in contracting sale of land not condemned as fraudulent.**

Although an agreement entered into by a guardian, looking to and providing for an exchange of properties by means of a guardian's sale on a proceeding to be instituted by the guardian, is not enforceable, it cannot be regarded as per se a fraud upon the probate court, nor as injurious to the rights of the ward, and courts of chancery do not condemn such anticipatory action merely because it is a usurpation of authority, but, on the contrary, they will sanction and confirm it, if under the circumstances it was beneficial to the ward's estate.

2. **Guardian and ward** ☞105(1)—**Anticipatory agreement to exchange ward's land held not fraudulent, so as to impeach decree of sale.**

A written agreement entered into by a guardian, looking to and providing for an exchange of lands by means of a guardian's sale on a proceeding to be instituted thereafter by the guardian, assuming it to be constructively fraudulent, as tending to prevent a fair, honest, and remunerative sale of the ward's property to the highest bidder under free competition, was not a fraud of the character requisite for the impeachment of a subsequent decree of sale rendered by the probate court, not being extrinsic or collateral to the issues presented for decision, and not a deception practiced on the court in the procurement and rendition of the decree, being, on the contrary, of the very substance of the issues propounded by the statute (Code 1907, § 4424) for determination by the court as a basis for a decree of confirmation.

3. **Guardian and ward** ☞54 — **Guardian not chargeable with compound interest.**

In the absence of misconduct or fraud on the part of a guardian, he is not chargeable on accounting with compound interest on money in his hands.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by Annie V. Roche against F. M. Slocumb, her guardian, and others, as purchasers, to vacate and annul a sale of complainant's land, made on petition of her guardian for the purpose of reinvesting the proceeds more advantageously for his ward. Decree for respondents, and complainant appeals. Affirmed.

As tried in the court below, this cause is a consolidation of two independent proceedings in equity, and they are so treated in this appeal. The petition and the proceedings for the sale of the land were in due form, and on March 19, 1912, the guardian reported that he had sold the land for the sum of $6,000 to Brake Lucas and R. A. Pinkston, and that they had paid the purchase money in cash, and on April 9, 1912, the probate court entered an order confirming the sale and directing that the deed be made to the purchaser, which was done and possession delivered to him. The equity of the bill is based upon the allegations of paragraph 5 as follows:

That the order for said sale and the subsequent proceedings were not conducted fairly or

legally, but fraudulently, and are void, as in violation of the power given by the order to sell for reinvestment. Oratrix avers, on information which she believes to be true, that said land (520 acres) was then well worth $25 per acre, and is now worth $40 per acre, and that the said guardian well knew its value. Oratrix avers that before said sale, to wit, on the 18th day of December, 1911, said guardian entered into a written agreement with one Brake Lucas to swap said 520 acres of land for a plantation of 445 acres in Macon county, known as the Boyd place, belonging to said Lucas, the terms being as stated in said agreement, a copy of which is hereto attached as part of this bill and is marked Exhibit C. Oratrix avers that said agreement was carried out between said parties thereto; that said guardian filed said petition to sell in pursuance thereof, and had said sale made in a way that said land would not bring more than $6,000, the price at which he had agreed to sell it to said Lucas, and that the whole transaction was a corrupt bargain between said guardian and said Lucas to obtain said decree for the sale of said land, and the confirmation of the bid and the conveyance to the purchasers as upon a bona fide sale made in pursuance of the law; that the said contract to swap land with said Lucas on the terms stated in said agreement was a fraud upon oratrix and upon the court innocently making the orders in said matters, whereby the conveyance of oratrix's land was made to said purchasers; that the result of this contract was to corrupt the said guardian and engage his efforts to obtain said sale, and to limit the price at which said 520 acres might bring to the sum of $6,000, and thus inspired the terms of the guardian's petition and of his deposition taken in the proceeding, and doubtless of his conduct in other ways, to depreciate the value of the said land, so that it would not bring over $6,000, when it was then well worth more than twice that amount. And oratrix avers that said fraud was outside of and collateral to the judgments pronounced in said proceeding by the probate court in directing and confirming said sale, and prevented a fair presentation of oratrix's case to the court, and rendered the said proceedings void as to oratrix and open as to collateral attack. And oratrix accordingly insists that said judgment of sale of oratrix's land be declared null and void as to her, and that the deed made by said guardian to said purchasers, Brake Lucas and Richard Pinkston, be so declared, and that this court will direct a reconveyance of said lands to be made to oratrix, and that she recover from the said Lucas and Pinkston the value of the use and occupation or the rents of said land for the period from and including the year 1912 to the final decree in this cause, and that oratrix be decreed to have a lien upon said 445 acres of land in Macon county conveyed by said Lucas and Pinkston to oratrix on said swap, for the payment of the sum found due to oratrix, and that said lands in Macon county be sold for the payment of the decree in favor of oratrix.

The bill offers to do equity by reconveying to the proper parties the land acquired from Lucas and to account for the net rents thereof. It is alleged that complainant had no knowledge or information as to the contract between her guardian and Lucas until November, 1918; that she was an infant of tender years, and trusted in the good faith and integrity of her guardian, and never discovered his alleged fraud until said date.

The answers of Slocumb and Lucas admit that they entered into the said agreement as to the purchase by Lucas of the ward's lands for $6,000, and the purchase by the guardian for the ward of the Lucas lands for $5,000, but they deny any fraud or unfairness in their transactions. They assert, on the contrary, that the lands were fairly and reasonably valued by them; that the exchange was beneficent to the ward, and that it was understood between them that Lucas could acquire the ward's land at said guardian's sale only by bidding highest for them, and that any higher bid than Lucas' would secure the land; that the agreement between them was merely to assure a minimum bid of $5,000, and that the sale was fairly conducted, without any suppression of bidding, and that the form of the transaction, as reported to the probate court, was merely a convenient method of handling the sale and the reinvestment of the fund.

The other proceeding is a bill for the opening of the final settlement of Slocumb's account as guardian and the correction of alleged errors therein prejudicial to complainant. Slocumb and his sureties are made parties respondent, and in their answer they deny that there were any errors or mistakes in said account as alleged. No evidence was offered in support of this bill, other than the alleged admission in Slocumb's answer.

W. A. Gunter and David W. W. Fuller, both of Montgomery, for appellant.

The proceeding was in rem. Petitioner was acting as guardian, under all the sanctions of that relation. 105 Ala. 618, 16 South. 920, 53 Am. St. Rep. 146; 101 U. S. 417, 25 L. Ed. 1052; 12 R. C. L. 1137. The fifth paragraph shows an unqualified fraud on the infant. 95 Miss. 100, 48 South. 519, 21 Ann. Cas. 1118; 129 U. S. 80, 9 Sup. Ct. 246, 32 L. Ed. 608; 85 Ala. 527, 5 South. 209, 6 South. 612; 72 Ala. 1; 81 Ala. 530, 1 South. 217, 60 Am. Rep. 175; 29 Ala. 478; 23 Wash. 132, 62 Pac. 862; 8 B. P. C. 42; 14 Ves. 273; 98 U. S. 61, 25 L. Ed. 93; 91 Cal. 129, 25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336, 25 Am. St. Rep. 159. The cestui que trust ought to be restored to his original rights, and the settlement set aside in toto. 54 Ark. 627, 16 S. W. 1052, 13 L. R. A. 490; 95 Miss. 100, 48 South. 519, 21 Ann. Cas. 1120; 8 Wheat. 422, 5 L. Ed. 651; 15 Pet. 93, 10 L. Ed. 672; 129 U. S. 80, 9 Sup. Ct. 246, 32 L. Ed. 608; 3 How. 333, 11 L. Ed. 622; 11 Wall. 232, 20 L. Ed. 50; 56 Ala. 208; 61 Ala. 340; 104 U. S. 540, 26 L. Ed. 834; 71 Ala. 240.

Hill, Hill, Whiting & Thomas and L. A. Sanderson, all of Montgomery, for appellees.

The bill is a collateral attack on the judgment of the probate court, which is of equal dignity and as final and as conclusive as the judgment of any other court. 53 Ala. 615; 55 Ala. 590; 106 Ala. 516, 17 South. 666; 85 Ala. 522, 5 South. 209, 6 South. 612. It is as binding on a minor, when properly represented by a guardian ad litem, as upon an adult, and can be impeached in no other way. Authorities supra. The fraud alleged is not sufficient to impeach the decree. 186 Ala. 310, 65 South. 209; 170 Ala. 362, 54 South. 172; 176 Ala. 390, 58 South. 293; 98 U. S. 61, 25 L. Ed. 93. The position taken in the two cases is as inconsistent as it is unsupported. 80 Ala. 186; 105 Ala. 615, 16 South. 920, 53 Am. St. Rep. 146; 191 Ala. 48, 67 South. 1004.

SOMERVILLE, J. The complainant has failed to impeach by any satisfactory evidence the allegations of the respondent's petition, filed by him as her guardian in 1912, upon which he sought and obtained a sale of her lands for reinvestment, under a decree of the probate court. We are satisfied that at that time $6,000 was a fair value for the 520 acres, and that the property for which it was in effect exchanged, with the bonus of $1,000, which accompanied it, was a fair equivalent in value and desirability. There is no evidence of fraudulent intent on the part of the guardian or of the purchaser, unless it is to be inferred, or unless it results constructively, from the mere fact of the written agreement entered into between them in December, 1911, looking to and providing for an exchange of the respective properties by means of a guardian's sale upon a proceeding to be instituted thereafter by the guardian.

[1] While that agreement was certainly not enforceable, we cannot regard it as per se a fraud upon the probate court, nor as injurious to the rights of the ward. If the allegations of the guardian's petition were true, as the court conclusively found them to be, his previous agreement with Lucas— calculated, as it was, to effect a lawful and beneficial result in behalf of the ward— would not have been a sufficient reason, if then made known to the court, for denying the prayer of the petition. The action of the court would have been in contemplation of the benefits to be secured to the ward, and not with a view to the punishment of an irregularity on the part of the guardian; and, indeed, courts of chancery do not condemn such anticipatory action merely because it is a usurpation of authority, but,

on the contrary, they will sanction and confirm it, if, under the circumstances, it was beneficial to the ward's estate. McCreary v. Billing, 176 Ala. 314, 58 South. 311, Ann. Cas. 1915A, 561.

[2] But, if it should be conceded that the agreement in question was constructively fraudulent, as tending to prevent a fair, honest, and remunerative sale of the ward's property to the highest bidder under free competition, we are nevertheless of the opinion that it was not a fraud of the character requisite for the impeachment of the decree of sale which was rendered by the probate court. It was not extrinsic or collateral to the issues presented for decision, nor was it a deception practiced upon the court in the procurement and rendition of the decree. On the contrary, it was of the very substance of the issues propounded by the statute (Code, § 4424) for determination by the court as the basis for a decree of confirmation.

Under the repeated decisions of this court, the conduct complained of does not meet the requirements for collateral impeachment and nullification. Rittenberry v. Wharton, 176 Ala. 390, 58 South. 293; Hogan v. Scott, 186 Ala. 310, 65 South. 209; De Soto, etc., Co. v. Hill, 194 Ala. 537, 69 South. 948; Id., 188 Ala. 667, 65 South. 988; Hardeman v. Donaghey, 170 Ala. 362, 368, 54 South. 172. The allegations of the bill of complaint in this behalf have not been sustained, and relief was properly denied.

Complainant has offered no evidence in support of her bill to correct errors and mistakes in the final accounting of her guardian, Slocumb. Our conclusion that the land sale and reinvestment cannot now be annulled eliminates from consideration all of the items of charge and expense allowed in favor of the guardian as incidents of those transactions, and which therefore cannot be held as improperly allowed.

[3] In the absence of misconduct or fraud on the part of the guardian, he is not chargeable with compound interest on money in his hands. Calhoun v. Calhoun, 41 Ala. 369; Brand v. Abbott, 42 Ala. 499; Stewart v. McMurray, 82 Ala. 269, 3 South. 47. There is nothing in the record upon which to base an exaction of compound interest from the guardian with respect to funds shown to have been in his hands.

It results that the trial court properly denied the relief prayed under the several bills of complaint, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.