(93 South. 879)

### HENLEY v. RUCKER. (6 Div. 605.)

(Supreme Court of Alabama. June 15, 1922. Rehearing Denied Oct 12, 1922.)

1. **Pleading 214(5)—Fraud charged in general terms is but the conclusion of the pleader.**

In a bill for an accounting, for discovery of trust property, and for annulment of transactions had by defendant trustee, fraud charged in general terms is but the conclusion of the pleader, and cannot be considered in passing upon a demurrer to the bill.

2. **Executors and administrators 439—Administrator held necessary party to bill impeaching decrees in suit for accounting of trustee.**

In a bill against a trustee for an accounting for discovery of trust property, and for annulment of transactions had by the trustee, the effect of which would be an impeachment of decrees of the chancery court, and charging fraudulent collusion with the administrator in the procurement of the decree of insolvency, the administrator or his legal representative is a necessary party.

3. **Trusts 305—Bill for accounting by trustee held demurrable.**

A bill, to compel an accounting by defendant as trustee, held subject to demurrer where it failed to show that the property coming into the hands of defendant had not been properly accounted for and paid over to the persons entitled thereto.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Tom P. Henley against E. W. Rucker, for accounting by the respondent as trustee, for discovery of trust property, and for annulment of transactions had by the trustee. From a decree sustaining demurrer, complainant appeals. Affirmed.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

E. O. McCord & Son and W. G. Rains, all of Gadsden, for appellant.

The general purpose of the bill carries with it all other aspects necessary to accomplish the general purposes, and for this reason it is not multifarious. Code 1907, § 3095; 203 Ala. 544, 84 South. 738; 176 Ala. 151, 57 South. 776; 200 Ala. 260, 76 South. 26; 197 Ala. 290, 72 South. 622. On demurrer, facts stated in the bill are taken as true. 202 Ala. 690, 81 South. 666; 204 Ala. 133, 85 South. 799; 176 Ala. 381, 58 South. 283, 40 L. R. A. (N. S.) 129, Ann. Cas. 1915A, 714; 184 Ala. 312, 63 South. 467. Laches, which will deprive a party of equitable relief, is the intentional failure to resist the assertion of an adverse right; there cannot be acquiescence without knowledge. 142 Ala. 166, 39 South. 97; 75 Ala. 58; 201 Ala. 99, 77 South. 393; 189 Ala. 31, 66 South. 672; 136 La. 868, 67 South. 938; 204 Ala. 133, 85 South. 799; 128 Ala. 600, 30 South. 543; 74 Ala. 58; 20 Cyc. 57; 180 Ala. 118, 60 South. 143; 173 U. S. 38, 19 Sup. Ct. 352, 43 L. Ed. 606. Where the fact represented is peculiarly within the vendor's knowledge, and of which the person is ignorant, although the facts appear on the public record, he is under no obligation to examine the record, as his failure to do so does not affect his right of action. 20 Cyc. 57; 191 Ala. 175, 67 South. 983; 74 Ala. 555; 75 Ala. 58; 142 Ala. 166, 39 South. 97.

Miller & Graham, of Birmingham, for appellee.

Complainant's bill on demurrer will be construed most strongly against him. 201 Ala. 462, 78 South. 840; 194 Ala. 469, 69 South. 934. Suit having been brought after the lapse of 20 years, complainant must plead and prove that laches does not exist. 164 Ala. 414, 51 South. 393; 68 Ala. 387; 56 Ala. 210; 200 Ala. 358, 76 South. 124; 176 Ala. 276, 58 South. 201; 115 U. S. 151, 5 Sup. Ct. 1181, 29 L. Ed. 336. The fraud on which the action is based should have been alleged in issuable form rather than by conclusion of the pleader. 200 Ala. 648, 77 South. 22; 63 Ala. 363. Whatever is sufficient to put a party on inquiry is sufficient to charge him with notice. 172 Ala. 669, 55 South. 190; 200 Ala. 358, 76 South. 124; 171 Ala. 544, 54 South. 685. The bill seeking an accounting in the same cause under two alleged distinct trusts is multifarious. 75 Ala. 207; 84 Ala. 254, 4 South. 385; 101 Ala. 247, 13 South. 275.

ANDERSON, C. J. [1, 2] While the bill in this case, as last amended, makes numerous and sundry charges, and seems to purposely evade setting out the age of the complainant or the date of the decree of insolvency of the estate of Thos. Peters, in its final analysis it seeks to go behind and impeach certain decrees of the chancery court rendered upon the administration of the estate of said Peters, of which Jos. F. Johnston was the administrator with the will annexed. The bill makes many charges against the respondent Rucker, who was named as executor by the will of said Peters, but from aught that appears, all property, real or personal, for which it seeks an accounting was listed and included among the property of the estate of Thos. Peters upon the rendition of the decree of insolvency. The will provided for the payment of the debts of the testator, but, had it not done so, the law makes the claims of creditors superior to the bequest to this complainant, and he has no right or claim upon the property in case the estate was legally declared insolvent. In fact, the bill, in effect, charges that the respondent acquired all property that he got from the estate through decrees of the chancery court, and seeks to impeach said decrees by charging, in general terms, a fraudulent collusion with the administrator in the procurement of same. The fraud charged, being in most general terms, is but the conclusion of the pleader, and cannot be considered in passing upon a demurrer to the bill. McCreery v. Berney Nat. Bank, 116 Ala. 224, 22 South. 577, 67 Am. St. Rep. 105. Nor does the bill aver that the alleged improper claim of Rucker, set out in paragraph 19 of the bill as last amended, caused the insolvency of the estate. In other words, the fraud charged may have been upon the creditors of the estate, and of no detriment to this complainant. Again, it is at least questionable if the bill with the foregoing defects cured by proper amendment would square up to the rule as set out in the decisions of this court. De Soto Co. v. Hill, 194 Ala. 537, 69 South. 948; Hogan v. Scott, 186 Ala. 310, 65 South. 209; Hardeman v. Donaghey, 170 Ala. 362, 54 South. 172. Moreover, the bill charges a fraudulent collusion with Jos. F. Johnston, the administrator, in the procurement of the decrees in question, and he should not be tried and condemned for this grave charge without a hearing and he or his legal representative is a necessary party to the bill which impeaches decrees heretofore rendered by a court of competent jurisdiction in the administration of the estate, and which, until nullified, stand as insuperable barriers to the ends sought by the present bill.

[3] While the bill fails to aver the age of the complainant and the date of the decrees, it is evident the pleader anticipated the defense of the statute of limitations, laches, or prescription by averring an attempted excuse for a failure to act more promptly by setting up the recent discovery of a certain deed upon the records of Walker county. This deed was from the Kentucky & Alabama Company to Rucker and Neely as trustees, to certain lands in Walker and Fay-

ette counties, dated in 1883 and recorded in 1885. This deed was of record for 35 years before the bill was filed, and operated as constructive notice to the world, but, conceding that this complainant had to have actual notice, we discover nothing in this deed having any material bearing upon facts which afford an excuse for delaying action to redress the wrongs set out in the bill. The land conveyed by this deed was listed and sold as property of the estate in the administration of same, and which fact refutes the charge that Rucker was exercising authority or control over same in the capacity of executor or trustee, and does not negative a valid renunciation by him of his executorship, and the date of which is not set out in the bill. This deed was a mere quitclaim reconveyance of certain lands, which, as per the recitals, had been previously conveyed to the grantor by Peters, and, owing to the death of said Peters and his previous inability to make good his warranty of title to said land, the company renounced all interest therein, and Rucker and Neely were named as mere naked trustees, evidently because they were named as executors in the will, and the said deed was made shortly after and during the year of the death of said Peters, and may have been executed before Rucker filed his declination of the trust or executorship under the will. Moreover, there is nothing to show that Rucker and Neely ever received or accepted the deed, or attempted to exercise any authority over this land or any other property of the estate in a representative capacity.

Without entering into a detailed discussion of the very numerous grounds of demurrer to the bill as last amended, the foregoing observations are sufficient justification for the action of the trial court in sustaining the demurrer, and the decree is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.