# Faircloth *et al. v.* Carroll *et al.*

*Bill in Equity by Tenant in Common for Sale of Lands for Division.*

1. *Decedent's estate; when selection unnecessary to vest absolute title of homestead in widow and minor children.*—When the area and value of a homestead, which was occupied by decedent at the time of his death does not exceed the limit and value allowed by law as exempt, and such homestead constitutes all the real estate owned by the decedent in this State at the time of his death, a selection of such property by the

[Faircloth *et al.* v. Carroll *et al.*]

widow and minor children of said decedent is unnecessary to enforce the right of homestead exemption; and in such case, the law intervenes and attaches the right of exemption and vests the title to such homestead absolutely in fee simple in the widow and minor children, (Code, § 2071).

2. *Same; same; sale by one of the children invests the purchaser with title; right of purchaser to maintain bill as tenant in common for sale for division.*—When the area and value of a homestead which was occupied by the decedent at the time of his death does not exceed the limit and value allowed by law as a homestead exemption, and such homestead constitutes all the real estate owned by the defendant in this State at the time of his death, the title to said homestead vests absolutely in the widow and minor children of the decedent, without their selecting and having said homestead set aside to them; and a conveyance by one of the children, after attaining majority of an undivided interest in said homestead, vests in the purchaser the interest of such child as tenant in common with the widow and remaining child or children; and such purchaser can maintain a bill as tenant in common to have the lands sold for division.

APPEAL from the Chancery Court of Geneva.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed December 18th, 1901, by J. R. Faircloth and D. T. Fulton as partners composing the firm of Fulton & Co. against Ophelia A. Carroll and Chaldee Peacock, widow and minor respectively of Delaware Peacock, deceased, the widow having married Carroll since the death of her husband, Delaware Peacock.

The bill avers that some time in the year 1904, Delaware Peacock died, seized and possessed of the land, the subject of the suit, and that at the time of his death he was residing upon said land with his family as a homestead, the same being one hundred and sixty acres and less than two thousand dollars in value; that defendant left no other real estate, and that no administration has been had upon his estate; and that he left surviving him the said named widow and minor, and also Emma Peacock, his daughter, who, at the time of his death was a minor. That in May, 1901, the said

[Faircloth *et al.* v. Carroll *et al.*]

Emma Peacock married one Adams, and being of lawful age, executed to Fulton & Co. a warranty deed to an undivided one-half interest in said land, the bill averring that in so doing she conveyed the entire interest in said land, which was an undivided one-third interest. The bill also avers that the facts stated constitute Ophelia A. Carroll, Chaldec Peacock and Fulton & Co. tenants in common of said land, and that said land cannot be equitably divided or partitioned between said tenants in common; and further that the said Ophelia and Chaldec are in possession and control of said land, claiming the entire fee and interest therein, and denying that said Fulton & Co., the vendee of said Emma, has any interest in said land; that the said widow and minor, Chaldec, are receiving the rents and profits of said land and are cutting and disposing of the timber therefrom.

The prayer of the bill was that a receiver be appointed to take charge of the premises and collect the rents, etc., pending the litigation, and that upon the final hearing of the cause a decree be rendered ordering and directing a sale of the land described in the bill for division among the complainants and the defendants as tenants in common.

The defendants demurred to the bill and moved to dismiss the same for want of equity. Upon the submission of the cause upon the demurrer and the motion to dismiss, the chancellor rendered a decree sustaining the motion to dismiss the bill for the want of equity and so ordered. From this decree the complainants appeal and assign the rendition thereof as error.

MULKEY & CARMICHAEL, for appellant.—Upon the facts averred, the title to the 160 acres of land, left by Delaware Peacock, vested, *eo instanti*, in the widow and two named minor children, without any administration on the estate, and without any proceedings, whatever, to have the same set apart to them as exempt from administration.—*Brooks v. John, Admr.* 119 Ala. 412; *Garland v. Bostick,* 118 Ala. 209, 23 So. Rep. 698; *Jackson v. Wilson,* 117 Ala. 432; 23 So. Rep. 521.

R. H. WALKER, *contra.*

TYSON, J.—Section 2071 of the Code provides that "when the homestead set apart to the widow and minor child or children or either, constitutes all the real estate owned in this State by the decedent at the time of his death, the title to such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not." In *Quinn v. Campbell,* 126 Ala. 280, consonant with the previous rulings of this court, it was held, that under this statute, it is not indispensable for the widow and minors to lay claim to the homestead by having it set aside to them. "The law intervenes in such cases and attaches th right of exemption as absolutely as if the particular property had been selected, set apart and declared exempt."—*Brooks v. Johns,* 119 Ala. 412; *Garland v. Bostick,* 118 Ala. 209; *Jackson v. Wilson,* 117 Ala. 432; *Tartt v. Negus,* 127 Ala. 301. In the case last cited, the right of the widow and minor child or children to sell the homestead which vested in them absolutely under the statute above quoted was distinctly recognized. And in *Gist v. Lucas,* 122 Ala. 555, where the widow and minor children acquired the absolute title to the homestead by reason of the insolvency of the former husband's estate, it was held that she could abandon it as her homestead, and thereby subject her interest in it to levy and sale under execution. It was there said: "The absolute title to the homestead was vested in appellant and her minor children as tenants in common." So here, under the facts alleged in the bill the fee simple title to the homestead vested in the respondent and her minor children. And the conveyance to the complainants, by one of the children, who owned an undivided one-third absolute interest in the land, after attaining her majority, vested in them that interest as tenant in common with the respondents. This being true, they are entitled to maintain this bill. The case of *Smally v. Chisenhall,* 18 So. Rep. 739, relied upon by appellees as supporting the decree dismissing the bill for want of equity is distinguishable from the one in hand. In that case, the report in full of which only appears in the reporter (108 Ala. 683),

the order of the probate court in setting aside the homestead only included the widow, and confessedly excluded the complainant who sought by her bill a partition of the homestead as against the widow. Besides it appears that she had attained her majority before her father's estate was declared insolvent and was, therefore, not a minor when the fee to the homestead vested under the statute. Her failure to establish any right, title or interest in the land was a sufficient reason for dismissing her bill.

The decree dismissing the bill, on motion, for want of equity must be reversed and a decree will be here entered overruling the motion.

Reversed and rendered.