# Thacker, *et al. v.* Morris, *et al.*

## Bill to Enjoin Ejectment Suit and Correct Description of Land.

(Decided Jan. 13, 1910.    Rehearing denied Feb. 26, 1910.
52 South. 73.)

1. *Homestead; Property Constituted.*—Where a man owned a tract of land less in area than 160 acres, and in value .than $2,000, and lived on an adjoining tract in which he owned a life estate, and both tracts aggregated more in area and in value than 160 acres and $2,000, and this was all the land owned by him at the time of his death, and both tracts were cultivated by him prior to a sale thereof for the support and maintenance of his family, both tracts constituted his homestead prior to the sale thereof.

2. *Same; Abandonment; Execution of Invalid Deed.*—Where the owner of a homestead believing that he had made a valid transfer thereof, but which was invalid for want of proper execution, put the purchaser in possession, this constituted an abandonment of the homestead pro tanto, as much so as if he had moved away from the land and settled on another tract.

3. *Same; Death of Father; Rights of Survivor.*—Where a decedent sold land constituting a part of his homestead, but the deed was invalid for want of proper execution, and possession of the homestead was surrendered to the purchaser under the deed, and after his death his widow filed a bill to enforce a vender's lien on the land, and collect the money thereunder, such suit by the widow estopped her from setting up title to the property, but the children of decedent not being parties to the bill to enforce the lien were not estopped from claiming the property, and the title to the land descended to the heirs.    (Construing sections 2069, 2070, Code 1896; Acts 1886-7, p. 112.

APPEAL from Chancery Court of Walker County.

Heard before Hon. A. H. BENNERS.

Bill by S. N. Morris and others against Hulda Thacker and others, to restrain the respondents and their attorneys of record from proceeding with an ejectment suit, and to correct the description of the deed, and declare the complainants the legal and equitable owners of the land.    Decree for complainants, and respondents appeal.    Reversed and remanded.

The facts made by the bill are that the lands were once the property of Beril Earnest, who, with his wife, conveyed them to Carrington. Carrington conveyed to Kilgore, and Kilgore a part of them to Morris; he and Morris being parties complainant. It is alleged that Carrington became the equitable owner of the land by the deed, although the deed was invalid or defective, because signed by mark by Earnest and his wife, and not witnessed, but an acknowledgmeent taken before a notary public, whose acts were not valid because he was a notary in Walker county, and when the acknowledgment was in Fayette county. The mistake in the description is alleged, as are the facts set up showing the estoppel spoken of in the opinion. The respondents are alleged to be the children of Beril Earnest, deceased, who is alleged to be the common source of title.

ERNEST LACY, for appellant. The owner of a homestead is not estopped from asserting his title to the homestead lands, where there has been no properly executed deed.- -*Clark v. Bird,* 48 So. 359; *Crim v. Nelms,* 78 Ala. 604; *Faulk v. Calloway,* 123 Ala. 325, 26 So. 504. A contract to sell or convey the homestead is null and void, passes nothing and cannot be enforced, and the rights of the contracting parties are in no way effected unless there is a properly executed deed of conveyance.—*Clark v. Bird, supra; Marks v. Wilson,* 115 Ala. 561, 22 So. 134; *McGhee v. Wilson,* 111 Ala. 615, 20 So. 619. The real estate of persons dying intestate as to such estate descends, subject to the payment of debts, charges against the estate and the widow's dower, first to the children of the intestate or their descendants, etc.—Section 3754, Code of 1907. Subsequent acknowledgement by wife of void deed to homestead after husband's death cannot affect intervening rights of heirs or

creditors of husband. The deed being void the title of the husband descended to his heirs immediately on his death.—*Richardson v. Woodstock Iron Co.,* 90 Ala. 266, 8 So. 7. Our courts recognize the distinction between lands which are the homestead, and lands which are not the homestead.—*Clark v. Bird, supra; Garret v. Jones,* 95 Ala. 96; *Turner v. Turner,* 107 Ala. 465. A homestead is the dwelling house constituting the family residence, together with the land upon which it is situated and the appurtenances connected therewith.— 21 Cyc. 458. A homestead in law means a homeplace or place of the home and is designed as a shelter of the homestead roof, and not as a mere investment in real estate, or the rents and profits derived therefrom.— *Lyons v. Hardin,* 129 Ala. 643-647, 29 So. 777; *McGuire v. Van Pelt,* 55 Ala. 344-355.

DAVIS & FITE, for appellee. If the deed from Beril and Matilda Earnest to Carrington was void, and the lands involved were less in area than one hundred and sixty acres, and in value less than two thousand dollars, and were all the lands left by the decedent, the title thereto would have passed to the widow, Matilda Earnest, without any formal proceeding to that end, there being no minor children.—*Jackson v. Wilson,* 117 Ala. 432, 23 So. 521; *Faircloth v. Carroll,* 137 Ala. 243, 34 So. 182. This was true, notwithstanding the land was not at the time of Beril Earnest's death occupied by him as a homestead.—Code 1896, Sec. 2100; *Broooks v. Johns,* 119 Ala. 416, 24 So. 345. The notes which were executed by Carrington to Beril Earnest for balance of purchase money due, were personal property, and all personal property left by Beril Earnest, including the notes, not exceeding in value one thousand dollars, and there being no minor children, the title to

such notes passed to the widow, Matilda Earnest, without any formal proceeding in court.—*Gamble v. Kellam*, 97 Ala. 679. If after the husband's death the widow, Matilda Earnest, elected to affirm the validity of the sale and collect the balance of the purchase money, thereby inducing or compelling complainants to pay out the money on the faith of the validity of the conveyance, and herself reaping the benefit therefrom, she thereby became estopped to impeach conveyance.—*Luding v. Shepard*, 112 Ala. 588, 21 So. 352; *A. G. S. R. R. Co. v. S. & N. R. R. Co.*, 84 Ala. 570, 3 So. 286; *New Decatur v. Scharfenberg*, 41 So. 1025; *Bell v. Craig*, 52 Ala. 215; *Robinson v. Bradford*, 73 Ala. 116; *Goetter v. Norman*, 107 Ala. 585, 19 So. 56. If Matilda Earnest was estopped to assail the conveyance to Carrington, the defendants in this suit claiming through her, as heirs of her estate, are also bound by such estoppel.—*Lindsey v. Cooper*, 94 Ala. 170, 11 So. 325. If the lands involved at the time of the conveyance by Beril Earnest and wife to J. B. Barrington did not constitute the homestead of the grantors, the deed which they attempted to execute, although void because not properly witnessed or acknowledged, was still good in equity as an agreement to convey, and would have been enforced as such against the grantors in their lifetime. —*Roney v. Moss*, 74 Ala. 390; *Hall v. Caperton*, 87 Ala. 285,6 So. 388; *Hollis v. Harris*, 96 Ala. 291, 11 So. 377. If the deed from Beril Earnest and wife to Carrington was good as an agreement to convey, the equitable title to the lands described therein passed to the grantees, upon the payment of the purchase money.— *Goodlet v. Hansell*, 66 Ala. 151; *Jenkins v. Harrison*, 66 Ala. 345.

SAYRE, J.—The pivotal question in this case is whether upon the death of Beril Earnest, in whom title

[Thacker, et al. v. Morris, et al.]

was, his title' to the land in controversy vested in his widow absolutely by virtue of statutory provisions relating to homestead exemptions, or descended to his children, then adults, in virtue of the statute of descents. The land was less in area than 160 acres, and less in value than $2,000. Earnest owned a life estate in an adjoining tract, and upon that was located the dwelling or home place which he occupied for many years before his death and where his widow lived subsequently. The two tracts—to speak of the land in controversy as one tract, though constituted in fact of separated parcels—aggregated more than 160 acres, and were all the land owned by Earnest at the time of his death. Prior to the sale to be mentioned, all the land owned by decedent, whether in fee or as life tenant, was cultivated and used by him for the common support of the family. It was the homestead.—*Dicus v. Hall,* 83 Ala. 159, 3 South. 239. On October 29, 1903, Earnest, his wife joining, sold the land in question to one Carrington, under whom complainants (appellees) claim by mesne conveyances, payment of a part of the purchase money being deferred. The purchaser was put into possession. Subsequently, the husband having died in the meantime, the widow filed her bill to foreclose a vendor's lien on the tract in question for the unpaid balance of the purchase money, and had a decree and collected the money thereunder. There was no proceeding to set apart the land as exempt to the widow, nor was there an administration of the estate of Beril Earnest. The children were not parties to the bill filed by the widow. Are they now estopped by the decree rendered in that cause to claim title to the property in controversy?

Obviously, the widow would be estopped without regard to the nature of her claim of title or interest. But

if the children are to be estopped, it must be for the reason that they have inherited, not from the father, but from the mother, which is to say, the fee did not vest in the mother. Confessedly, the deed from Beril and Matilda Earnest was void for lack of compliance with statutory requirements in its execution. The estoppel which subsequently became operative against the widow did not affect the rights of the heirs. The deed to the homestead being a nullity, no subsequent act of the widow by which she claimed under the deed, could affect intervening rights of the heirs of the decedent, unless the fee had vested in her in the meantime. The execution of the deed and the putting the purchaser into possession was an abandonment of the homestead pro tanto, as much so as if the owner had moved away from the tract in controversy and settled at another place, though done under the erroneous impression on the part of the owner that he had parted with title and had no right to retain possession and occupancy.—*Smith v. Pearce,* 85 Ala. 264, 4 South. 616, 7 Am. St. Rep. 44. The lands were therefore not the homestead of Beril Earnest at the time of his death and descended to his heirs unless some statutory provision can be pointed out which vested them in the widow. Section 2069 of the Code of 1896 provides that the homestead of any resident of this state, leaving surviving him at his death a widow and minor child or children, or either, with the improvements and appurtenances, not exceeding in value $2,000, and in area 160 acres, shall be exempt from administration. This means land occupied as a homestead at the time of the death of the owner. If the decedent, at the time of his death, has no homestead exempt to him, his widow and minor child or children, or either, become entitled to a homestead exemption out of any other real estate owned by him.—Section 2070. Section

2071 provides that when the homestead set apart to the widow and minor child or children, or etiher, constitutes all the real estate owned in this state by the decedent at the time of his death, the title to such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not. This section contemplates a setting apart of the homestead as a condition to the absolute vesting of the title in the widow, or widow and children, in a case where decedent, at the time of his death, had no homestead exempt to him. The language of the original act from which this section was codified makes this even clearer than the section itself. The language is that "whenever the estate of a decedent who dies leaving an estate less in value than the amount exempted by law, either real or personal, or both, is set aside as provided by law," etc.—Acts 1892-93, p. 138. The phrase "As provided by law" must be referred alike to the act of February 28, 1887 (Acts 1886-87, p. 112), which provided for the setting apart under the direction of the probate court of homestead and other exemptions in amount not exceeding exemptions, and to those provisions of the Code under which a homestead of statutory area and value is carved out of land of greater value. It was said in *Tart v. Negus,* 127 Ala. 301, 28 South. 713, that when the homestead—meaning, we apprehend, land occupied as a home place, for such was the case being dealt with, and such were the cases cited—does not exceed in value or area the legal exemption, and there is no selection or setting apart from other lands to be made, as in the case where the decedent owns no other real estate, or where the homestead is of defined limits and is disconnected from other lands, legal proceedings are not essential to vest the right of exemption, but it attaches by the force and terms of the statute itself, though, it was also said, in

such cases the proceedings authorized by law may be resorted to with advantage for the purpose of establishing the exempt character of the particular property by record evidence. In the absence of occupancy by the decedent at the time of his death judicial proceedings would seem to be necessary in order to separate and impress the homestead character upon land not then so used, and thus withdraw it from administration. In the case of personalty no proceeding is necessary for the reason, as was distinctly pointed out in *Gamble v. Kellum,* 97 Ala. 679, 12 South. 82, that possession, retention, and use constitute a sufficient selection. We think that *Brooks v. Johns,* 119 Ala. 416, 24 South. 345, when considered in connection with the facts of that case, is not to be construed as holding that no setting apart is essential where the decedent owned, but did not occupy as a homestead, land less in area and value as, in all the other cases to which we have been referred or which have come to our attention, the decedent was the owner and resided upon the land at the time of his death. So in *Faircloth v. Carroll,* 137 Ala. 243, 34 South. 182. Whether such was the case or not in *Jackson v. Wilson,* 117 Ala. 432, 23 South. 521, does not appear from the report of the case. No more is there said than that, if the tract of land in question was the homestead, the widow had the right to occupy it, and there was no need of laying formal claim to it as exempt. We conclude, therefore, that the title to the land in controversy in this case descended to the heirs of Beril Earnest, and that they were not estopped by the decree rendered in the chancery court in favor of the vendor's lien there asserted by the widow.

We note that in section 4198 of the Code of 1907, there appears a legislative declaration of the law on the subject we have considered, along with other provisions

affecting creditors. The case in hand has been controlled by the Code of 1896.

The decree rendered in the chancery court in this cause was not in accord with the views we have expressed, and must be reversed.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.