[Dickinson, et al. v. Champion, et al.]


# Dickinson, *et al. v.* Champion, *et al.*

### *Ejectment.*

#### (Decided April 22, 1910.  52 South. 445.)

1. *Homestead; Title of Widow.*—Where a man dies leaving a widow and no minor children, his homestead if it does not exceed 160 acres in area and $2,000 in value, vests absolutely in the widow without any proceedings to set the same apart as her homestead.

2. *Same; Life Estate.*—Where a man dies leaving a widow but no minor children and a homestead worth more than $2,000, thus preventing the title vesting absolutely in the widow, the widow has a life estate vested in her and where it did not appear that the widow was dead, the heirs could not maintain a suit in ejectment against the widow's grantee.

3. *Same; Proceedings to Set Aside; Collateral Attack.*—Where the action was between the heirs at law and the widow's grantee, such proceedings were collateral to the proceedings in the probate court setting apart the widow's homestead, and such probate proceedings could not be assailed therein.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejjectment by Anna Dickinson and others against G. M. Champion and others.  Judgment for defendants and plaintiffs appeal.  Affirmed.


A. G. SEAY, and W. L. PARKS, for appellant.  The law governing this case is found in the Code of 1896, sections 2069, 2071, 2091, 2097, 2098 and 2100; *O'Rear v. Jackson,* 124 Ala. 298.  The heirs had an interest in the subject-matter of the proceedings and were entitled to notice.—*O'Rear v. Jackson, supra; Calhoun v. Fletcher,* 63 Ala. 580; *N. C. & St. L. v. Carthus,* 150 Ala. 637.  The record shows a want of this jurisdictional fact and the decree is void.—*Chamblee v. Cole,* 128 Ala. 649.  Where the decree is void it may be declared so on collateral attack.—*Chamblee v. Cole, supra; Hickey v. Stallworth,* 143 Ala. 537.

R. L. HARMON, for appellee. The record shows a strict compliance with section 2097, Code 1896 in setting apart the homestead. This statute in constitutional.—*Smith v. Boutwell*, 101 Ala. 373. The proceeding under this section is in rem and does not require notice. —*Moore v. McClue*, 124 Ala. 120; *Friedman v. Shamblin*, 117 Ala. 456; *McDonand v. Berry*, 90 Ala. 464; *Lyons v. Hamner*, 84 Ala. 197; *Singo v. Fritz*, in ms.

MAYFIELD, J.—H. W. Emfinger died intestate, leaving a widow and no minor children. All of the land he owned was a homestead of 120 acres. This was duly set apart to the widow, as provided by section 2097 et seq. of the Code of 1896. It was reported and appraised at $1,200, which report and appraisement was fully confirmed by the probate court, and set aside to the widow as exempt, thus vesting in her an absolute title thereto, as provided by section 2100 of the Code of 1896. The widow subsequently sold the lands to appellees, and the appellants (granchildren and heirs of the intestate) brought this action of ejectment to recover the lands.

On the trial appellants objected to the introduction of the proceedings in the probate court setting aside the homestead to the widow, on the ground that they, the heirs at law, were not made parties to the proceedings. This objection was overruled, and they excepted. They then offered to prove that the land was worth $25 per acre at the time of the death of the intestate; but the court declined to allow this proof. In consequence of these adverse rulings, the plaintiffs (appellants here) took a nonsuit, with a bill of exceptions.

There was no reversible error in any of the rulings of the trial court. If the lands were worth less than $2,000, they vested absolutely in the widow by virtue of the statute, without any proceedings to set the same

[Owen, et al. v. Moxon.]

aside as a homestead to the widow.—*Tartt v. Negus,* 127 Ala. 301, 28 South. 713; *Faircloth v. Carroll,* 137 Ala. 243, 34 South. 182. The proceedings in the probate court, setting aside the homestead, could not be assailed in a collateral proceeding between these parties. If the lands should be conceded to be worth more than $2,000, thereby preventing the vesting of an absolute and fee-simple title in the widow, a life estate certainly vested in her; and, it not appearing that the widow is dead, of course, the plaintiffs could not recover in any event.

It follows that the judgment of the circuit court must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.