[Headen v. Headen, et al.]

# Headen *v.* Headen, *et al.*

### Bill for Partition.

(Decided Feb. 9, 1911.   54 South. 646.)

1. *Executors and Administrators; Exemption to Widow; Surplusage; Decree.*—A decree confirming a report of commissioners setting apart property as exempt to the widow is not rendered invalid by an additional provision incorporated therein that the title was vested in the widow in fee, and the same will be treated as surplusage, even if it be conceded that the decree could go no further than to confirm the report.

2. *Same; Allowance to Widow; Title.*—Under Acts 1886-7, p. 112, and 1892-3, p. 138, where proceedings are instituted to set aside property of the decedent as exempt to his widow, the title vests in fee in the widow immediately on the entry of a valid decree of allotment confirming the report of the commissioners, automatically, where the proceedings are instituted under said acts.

3. *Same; Award to Widow; Notice.*—A proceedings in probate to set apart certain property as exempt to the widow of decedent is in rem, and personal notice to the heirs is not essential.

4. *Same; Petition.*—The petition in this case examined and held not fatally defective for a failure to show that the property of decedent at the time of his death did not exceed in amount and value the statutory allowance to the widow.

5. *Same; Exemptions to Widow; Property of Subjects; Homestead.*—Under Acts 1886-7, p. 112, all of the property of the decedent, if it does not exceed in amount and value the statutory allowance passes to the widow, whether it was homestead or not.

6. *Same.*—Where there was an actual homestead the fact that decedent owned other property could not, under the provisions of Acts 1886-7, prevent the vesting of a fee simple title in the widow, if the aggregate in amount and value did not exceed the statutory allowance provided by such act.

7. *Same; Application; Statute.*  The provisions of the Act of 1886-7, p. 112, prescribing the conditions under which a widow before administration may apply to the probate court, for an allotment to her out of her husband's estate "that there has been no administration on decedent's estate, and sixty days have elapsed since his death" finds a substantial equivalent in section 209, Code 1896, and section 4224, Code 1907.

8. *Same; Necessity of Award.*—Under Acts 1886-7, p. 112, and Acts 1892-3, p. 138, if the property left by a decedent did not exceed in value $2,000.00, the title thereto vested absolutely in decedent's widow, by operation of law without any judicial allotment.

[Headen v. Headen, et al.]

9. *Same; Record; Contradiction.*—Under the rule that, in determining whether the record discloses jurisdictional facts, its language will be construed most favorably for the maintenance of a decree, and where the words are susceptible of two or more constructions, that which sustains the decree will be adopted, a petition to set aside exempt property to a widow averring that no administration had been granted on decedent's estate within sixty days after his death, and alleging that he died Feb. 18, 1893, the petition being filed April 19, 1893, the express averment will control the contradictory inference indicated by the date.

10. *Time; Computation.*—Where it was averred that a decedent died Feb. 18, 1897, and the record showed that petition to set apart the widow's exemption was filed April 19, 1893, sixty days had not elapsed between decedent's death and the filing of the petition, since the rule is that where an act can be done after the expiration of so many days from another act or event, the act cannot be done until the prescribed number of days have expired, exclusive of the terminus a quo.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Bill by Andrew Headen against Nannie Headen and others for the sale of land for partition. From a decree overruling a motion to strike certain pleas filed by the defendant, and holding said pleas sufficient, plaintiff appeals. Affirmed.

PIERCE & McMILLAN, for appellant. Plea 1 was bad and should have been stricken. 1st because no notice was given of the proceedings to set apart the widow's exemptions.—Sec. 7, Const. 1876.; 14 Amend. Const. U. S. 2nd, because the Probate court had no authority to set apart the same in fee simple.—*Cotton v. Holloway*, 96 Ala. 544. 3rd, the proceedings occurred before the time allowed by the statute, or within sixty days after the death of the decedent; and 4th, because the petition to that end was fatally defective for want of averment as to the value of the property.—*Brooks v. Johns*, 119 Ala. 412; *Chamblee v. Cole*, 128 Ala. 749. Plea 2 was bad and should have been stricken because it assumes that under the facts stated the property vested eo instanti in the widow. A proper setting aside

[Headen v. Headen, et al.]

was a condition precedent to the vesting of the title.—
*Newell v. Johns,* 128 Ala. 584. Counsel also cite the
Acts and Code sections discussed in the opinion.

KNOX, ACKER, DIXON & BLACKMON, for appellee. In
construing the language of the petition and decree it will
be construed to uphold rather than to defeat the de-
cree.—*Cotton v. Holloway,* 96 Ala. 544; *King v. Kent,*
29 Ala. 542. If there can be any doubt as to the suf-
ficiency of the petition in this instance, it is set at
rest by the recent holdings in the case of *Singo v. Mc-
Gee,* 49 South. 290, and *McGee v. Parker,* 49 South.
1039; *Smith v. Boutwell,* 101 Ala. 373. If the partition
was sufficient the result was to vest title absolutely in
petitioner.—*Brooks v. Johns,* 119 Ala. 412; *Newell v.
Johns,* 128 Ala. 584; *Wilkins v. Walker,* 115 Ala. 590;
*Faircloth v. Carroll,* 137 Ala. 243. It follows that the
court did not err in overruling the motion to strike plea
1, and in holding it sufficient. If the facts set forth in
the second plea are true, the title vested absolutely in
the widow irrespective of any court proceedings, there
being no minor children.—*Jaffrey v. McGough,* 88 Ala.
648; *Newell v. Johns, supra; Faircloth v. Carroll,* su-
*pra; Garland v. Bostick,* 118 Ala. 209; 5 Mayf. 458.

SOMERVILLE, J.—The appellant, Andrew J. Hea-
den, filed his bill in the court below, averring that he
owned an undivided one-fourth interest in certain prop-
erty described therein, jointly with Nannie Headen, and
praying for a sale of the same for distribution among
the owners. The respondents Nannie Headen and Kate
Cunningham filed their answer denying that complain-
ant owned any interest in the property; and filed also
a number of special pleas.

Plea 1 avers that the property in question was owned
and occupied as a homestead by Ambrose Headen, the

father of complainant and respondents, who died on February 18, 1893, leaving surviving him his widow, Affiah Headen; that this homestead tract, together with a four-acre tract not here concerned, was all the real estate owned by the decedent at the time of his death; and that the whole did not exceed in value the exemptions allowed by law to said widow. The plea further avers that on April 19, 1893, said widow filed her petition in the probate court of Talladega county, asking that the real estate of her deceased husband be set apart to her in fee simple; that proceedings were had thereunder in accordance with the statutes; and that a decree was rendered by said probate court ascertaining the jurisdictional facts, confirming the report of the commissioners, and vesting the title to all of the decedent's estate in the said widow in fee simple. These proceedings of the probate court are all exhibited by copies thereof. The plea concludes by averring that the (alleged) fee-simple title of the said widow, their mother, has passed to them, to the exclusion of complainant, by devise from her.

Plea 2 avers, in substance, that the tract in question was owned and occupied as a homestead by Ambrose Headen at the time of his death, which occurred on February 18, 1893; that this tract, together with a four-acre tract used in connection with the homestead, was all the real property owned by decedent at the time of his death, and that it was less in area than 160 acres, and in value than $2,000; that the decedent left surviving him his widow, Affiah Headen, and no minor children; and that under the laws then in force said property vested in said widow in fee; and that her title thus acquired passed to them, to the exclusion of complainant, by devise from her.

Complainant challenged the sufficiency of the facts set up in each of these pleas to negative his alleged interest in the property, by motions to strike and exceptions, based upon various grounds hereafter discussed. These motions and exceptions were overruled by the trial court, and the pleas held sufficient. The assignment of error present for review the propriety of this action.

We deem it not improper to preface our consideration of the questions here involved with the observation that the present status of our laws governing the homestead and estate of decedents, who leave a surviving widow or minor children, has been arrived at by the piecemeal processes of legislative amendment and accretion extending over a period of 40 years, and that as a system it has been lacking both in clearness and homogeneity; and that, in spite of numerous decisions of this court dealing with the meaning and operation of its various provisions, some obscurities and uncertainties have persisted to the present time. These have been in part removed by the revision of the statutes as they are found in the Code of 1907. Whether or not the complainant now owns any interest in the property described in the bill of complaint as an heir of his father, Ambrose Headen, depends upon whether or not by judicial proceedings or by operation of law, or by both agencies combined, the fee-simple title to the property was intercepted and vested in the decedent's widow, Affiah Headen; and this of course must be determined by the application of the laws in force in this state at the date of his death on February 18, 1893.

In order to keep clearly in mind these statutory provisions, as far as they are pertinent to this appeal, we here state them as follows:

[Headen v. Headen, et al.]

(1) An act approved February 28, 1887, as cited in Code of 1886, p. 570: "That on and after the passage of this act, where any resident of this state shall die, or where any resident has heretofore died, leaving surviving him a widow, or widow and minor child or children, and who, at the time of his death, owned in this state personal and real property, not to exceed the amount exempted to widow and minor child or children, as provided under the laws of this state, it shall by the duty of the probate judge of the county in which such property is situated, if there has been no administration of the estate of the decedent, and sixty days have elapsed since his death, upon the application of the widow, or if there be no widow, upon the application of some suitable person, who shall be appointed by such probate judge, as the next friend of such minor child or children, to appoint two commissioners, who shall be citizens of good standing in such community, whose duty it shall be to make a complete inventory of all the personal property so exempt, and to set apart to such widow, or widow and minor child or children, or minor child or children, all the personal and real property exempted to such widow, or widow and minor child or children, or minor child or children, under the provisions of the laws of this state."

(2) An act approved December 13, 1892, as found in Sess. Acts 1892-93, p. 138: "An act to vest title to homestead and exempt personal property in the widow, or widow and minor children, or minor children in estates that do not exceed the amount of exemption. Be it enacted by the General Assembly of Alabama, that whenever the estate of a decedent who dies leaving an estate less in value than the amount exempted by law, either real or personal, or both, it is set aside as provided by law, to the widow, or to the widow and minor

children, or to the minor children, the title to the property so set aside, whether real or personal, or both, shall vest absolutely in fee, in such widow, or widow and minor children, or minor children. Approved December 13, 1892.'"

The grounds upon which complainant assails the validity of plea 1 may be summarized thus: (1) Because the probate court was without jurisdiction to render a decree vesting title in the widow, or to render any decree at all. (2) Because the probate petition fails to aver the jurisdictional fact that the real and personal property of the decedent at the time of his death did not exceed in amount the exemptions allowed by law to the widow. (3) Because said petition does not show that the widow sought to have a homestead owned by decedent set aside to her, and that he owned no other real property. (4) Because said petition shows that the decedent owned real property other than his homestead. (5) Because said petition shows that it was filed within 60 days after the death of said decedent, and before 60 days had elapsed since his death.

The grounds of objection to plea 2 are: (1) That it does not show that respondents, or their testator, Affiah Headen, owned the property in fee simple. (2) That it does not show that Ambrose Headen owned no real property other than his homestead at the time of his death.

The assignments present other grounds of objection which, however, are not insisted upon in argument, and are manifestly without merit. We will consider these several objections seriatim:

1. If it be conceded that the jurisdiction of the probate court extended no further than to confirm the report of the commissioners setting apart the property, and to declare that result, it is clear that the decretal state-

ment that the title was vested in the widow in fee simple was mere surplusage, unnecessary, it is true, but in no wise affecting the validity of the decree. As matter of law, when a valid decree of allotment is made, the statute operates automatically upon the title and immediately vests it in fee simple in the widow. It is urged in argument that the probate court had no jurisdiction to render a decree affecting complainant's rights because he was not a party to the proceeding and did not have his day in court. The answer to this contention is that this is a proceeding in rem, in which personal notice is not required. The law intercepts the title, under specified conditions, before it reaches the heirs, and they have no rights in the matter at all except those accorded by the statutes, viz., to appear and file exceptions to the report of the commissioners if they feel aggrieved thereat.

2. The petition filed in the probate court by the widow, Affiah Headen, contains this language: "Your petitioner states that the property, real and personal, at the time of the death of the decedent, does not exceed in amount and value, the exemptions allowed in favor of his said widow;" and, further, "Petitioner states and avers that at the time of his death the said Ambrose Headen was seized and possessed of the following real estate, being in value less than two thousand dollars. (Here follows a description of the homestead tract and also of the four-acre tract.)" The objection is that these averments do not show the jurisdictional fact that the property of the decedent at the time of his death did not exceed in amount and value the statutory allowance to the widow; the qualifying words, "of the decedent," or anything of equivalent import, being omitted. While precision of speech required the use of some such clause as that, we have no difficulty in reading from the lan-

[Headen v. Headen, et al.]

guage quoted that "the property" referred to was none other than the property of the decedent. Indeed, it could have no other rational application. In the recent case of *Singo v. McGee*, 160 Ala. 245, 49 South. 290, this court held in a like case that the averment that "the decedent owned property at the date of his death which did not exceed in amount or value the exemption allowed the widow," was a sufficient statement of the jurisdictional fact in question. The averments of the present petition are obviously far more ample and clearly expressive in this regard than are those of the petition in the *Singo Case*. Moreover, on collateral attack, as here it is a well established principle that petitional averments should be liberally interpreted in favor of the jurisdiction that has been exercised.

3 and 4. Under the provision of the act of February 28, 1887, the legislative purpose was to set apart to the widow all the real and personal estate of the decedent if it did not at his death exceed in amount and value the statutory allowance; and it does not matter whether it was the decedent's homestead or not, nor whether it is, or is to become, the widow's. It was therefore not necessary for the petition, or the commissioners' report to show that the decedent had a homestead. Nor, were there an actual homestead, could the ownership of other real property prevent the vesting of a fee-simple title in the widow, provided the aggregate in amount and value does not exceed the statutory allowance. Such is the plain language of the act of December 16, 1892.

5. The act of February 28, 1887, prescribes the conditions under which the widow may, before administration, apply to the probate court for an allotment to her of the decedent's estate. One of these conditions is that "there has been no administration on the estate of the decedent, and 60 days have elapsed since his death." As

previously drafted in the Code of 1886, § 2562, and carried forward into the Code of 1896, § 2097, and 1897, § 4224, the condition is that "no administration has been granted on his estate within sixty days after his death." We regard these expressions as substantially equivalent. The petition of Affiah Headen, as exhibited by the plea, avers that the decedent died on February 18, 1893, and the record of the proceedings shows that the petition was filed on April 19, 1893. It is insisted by appellant that the record not only does not show the jurisdictional requirement that 60 days had elapsed since the decedent's death, but affirmatively shows that the required time had not elapsed; and that the whole proceeding was therefore void for want of jurisdiction.

The rule is well settled that in the computation of time from an act done, the day of performance is to be excluded (*Lang v. Phillips,* 27 Ala. 311) ; and "where it is provided that an act can be done after the expiration of so many days from an act or event, the act cannot be done until the prescribed number of entire days has expired, exclusive of the terminus a quo" (28 Am. & Eng. Ency. Law, p. 221). Applying this rule to the petition in question, if the dates mentioned be correct, it is clear that it was filed prematurely by one day. It is, however, insisted for the appellee that the averment of the petition that no administration had been granted on the decedent's estate within 60 days after his death, contradicts the dates above referred to, and, on the principle that all doubtful matters must be resolved favorably to the decree, establishes the jurisdiction of the court and the validity of the decree. In *King v. Kent's Heirs,* 29 Ala. 542, it is said : "While the principle that the jurisdiction of courts of limited authority must be shown by the record is too deeply rooted in our law for us to supply by intendment the omission of the jurisdic-

tional facts from the record, authority, public policy, and justice alike require that, in determining whether the record does disclose the jurisdictional facts, we should construe the language of the record most favorably for the maintenance of the decree, and, where words are susceptible of two or more constructions, adopt that which will sustain the decree." Under the influence of this principle, and conceding that the lapse of 60 days after the decedent's death without administration was a jurisdictional fact, we feel constrained to hold that the fact is sufficiently shown by the petition. It follows from this that the plea exhibits a valid decree of allotment of this property to Affiah Headen, and that appellant's objections thereto on the ground last discussed were properly overruled.

It only remains to consider the second plea and the two objections thereto, as above noted. The first objection in effect denies the proposition which is the basis of the plea, viz., that, upon the death of the decedent leaving real property, occupied by him as a homestead, and not exceeding in area 160 acres, and in value $2,000, the title vested absolutely in the widow by operation of law without any judicial allotment to her. In other words, appellant contends that the language of the statute, ex vi termini anticipates and requires, as a condition precedent to the vesting of a fee-simple estate in the widow, that the property in question should have been by the probate court first set apart to her. Color for this contention is found in a dictum in the opinion of Sharpe, J., speaking for this court in the case of *Newell v Johns*, 128 Ala. 584, 29 South. 600, where it is said: "In case the decedent left no real estate in excess of that exempt by law from the payment of debts, the persons for whose benefit the exemption is created may under the provisions as con-

tained in act of December 15, 1892, now in sections 2071 and 2100 of the Code, become vested with the full legal title so far as it resided in the decedent, by procuring an order of the probate court, declaring the property exempt. But such proceeding is in no way essential to the establishment or maintenance of the mere right of exemption, which shields the homestead from the decedent's debts. That right exists independent of the provision made for the ultimate disposition of the title. Mrs. Newell should have been allowed to defend upon the facts set up in her answer, showing the lands described in the administrator's petition constituted the separate homestead of the "decedent and were exempt from his debts." But in the later cases of *Faircloth v. Carroll*, 137 Ala. 243, 34 South. 182, *Dickinson v. Champion*, 167 Ala. 613, South. 445, and *Sims v. Sims*, 165 Ala. 141, 51 South. 731, the distinction mooted by Justice Sharpe is not recognized, and it is held that no allotment is necessary in order to vest the title in the widow absolutely. This result, however, does not follow, as to real estate of the decedent not occupied by him as a homestead at the time of his death.—*Thacker v. Morris*, 166 Ala. 395, 52 South. 73. In the opinion of the writer, the distinction drawn by Justice Sharp in *Newell v. Johns*, is entirely correct; and if the question were an open one, he would adhere to those views in the present case. But the rule announced in *Faircloth v. Carroll*, and perhaps in other earlier cases, is a rule of property, under which doubtless many titles have been acquired, and which therefore should not be disturbed, however questionable it might be. In accordance therewith we hold that on the facts recited in the plea it shows that Affiah Headen, the widow, acquired by operation of law a fee-simple title to the dece-

[Keener, et al. v. Moslander.]

dent's real estate, and the objection to the plea was therefore property overruled.

The second objection to this plea is in substance the same as the fourth objection to the first plea, and is without merit, as already above shown.

The judgment of the trial court must therefore be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.