# Hall, *et al. v.* Hall, *et al.*

### Bill to Quiet Title.

(Decided April 13, 1911.   55 So. 146.)

*Homestead; Right of Widow and Children.*—Where the land was all the land the decedent owned at the time of his death, and was the homestead, the fee simple title thereto vested absolutely and eo instanti in the widow and minor children by virtue of the statute, and without any proceedings at all to set apart same as a homestead.

[Hall, et al. v. Hall, et al.]

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Florence Hall and others against H. B. Hall and others to quiet title to lands. From a decree for complainants respondents appeal. Affirmed.

WILLIAM VAUGHAN, for appellant. Counsel insists that the court erred in the final decree, but cites no authority in support of his contention.

W. K. TERRY, for appellee. This cause should be affirmed on the authority of.—*Faircloth v. Carroll*, 137 Ala. 243.

MAYFIELD, J.—The bill in this case is to quiet or settle and determine claims to land. The complainants are the widow and children and heirs, respectively, of a deceased husband and father, against other children and heirs of the same father. The bill alleges that the land in question was the homestead of the deceased, at his death; that it was all the land or realty that he owned at his death, and was therefore the homestead of the complainants, who were his wife and minor children at his death; that the respondents were the adult children, and therefore heirs of the decedent; and that they claim title to or interest in such land as the heirs of decedent.

The bill was answered, and the answer admitted all the material allegations of the bill, but denied that complainants were vested with the fee to the land by virtue of the statutes as to exemptions and descent, claiming that complainants took only a homestead right during the life of the widow and the minority of the children, with remainder to the children—complainants and respondents—as tenants in common. Had the land in question been other than the homestead of the decedent

at the time of his death, or had he possessed other lands in excess of the homestead right—therefore making an administration or other appropriate proceedings necessary to determine the status of the land as a homestead, or to mark its boundaries or fix its limits as to amount or value—the contention of appellants (respondents below) would be correct; but, as the bill avers and the answer admits, and as the proof shows, such was not the fact.

Under the rulings of this court the title—fee simple, or all the title the decedent had—to the land in question, on the death of the decedent, vested eo instante in complainants, by virtue of the statutes, without any proceedings of any kind to set apart the same as a homestead. As was said in the case of *Tartt v. Negus,* 127 Ala. 307, 28 South. 715: "The statute authorizes proceedings in the probate court for setting apart the homestead, and they may be resorted to with advantage for the purpose of establishing the exempt character of the particular property by record evidence. When, however, the homestead does not exceed in value or area the legal exemption, and there is no selection or setting apart from other lands to be made, as is the case where the decedent owns no other real estate, or where the homestead is of defined limits and is disconnected from other lands, such legal proceedings are not essential to vest or perfect the right of exemption, but it attaches by the force and terms of the statute itself.—*Pollak v. McNeil,* 100 Ala. 203, South. 937; *Jackson v. Wilson,* 117 Ala. 432, 23 South. 521; *Garland v. Bostick,* 118 Ala. 209, 23 South. 698." This same doctrine has been reiterated in the recent cases of *Faircloth v. Carroll,* 137 Ala. Ala. 243, 34 South. 182, *Dickinson v. Champion,* 167 Ala. 613, 52 South. 445; *Hodges v. Hodges, infra,* 54 South. 618, and *Thacker v. Morris,* 166 Ala. 395, 52 South. 73.

[Worth, et. al, v. Knickerbocker Trust Co.]

The present statute (section 4198 of the Code as now amended) may change this rule; but the rights of these parties must be determined by the law as it existed at the death of the intestate. It is to the law at that time that we are now writing, of course, and not to the law as it now exists.

Affirmed.

SIMPSON, McCLELLAN, and SAYRE, JJ., concur.