# Hogan *v.* Scott.

## *Bill to Vacate Homestead Proceedings.*

(Decided April 23, 1914.   65 South. 209.)

1. *Judgment; Vacation; Fraud.*—While equity has jurisdiction generally to relieve against fraud, a final judgment of a court of competent jurisdiction is not impeachable except for actual fraud in its procurement; hence, a decree of the probate court setting aside to a widow, as homestead, all of the real property of her deceased husband, will not be vacated, notwithstanding the petition therefor, fraudulently alleges that there were no minor children.

2. *Equity; Pleading; Bills.*—A bill to vacate proceedings in the probate court is one in the nature of a bill of review.

3. *Same.*—Where a bill to vacate proceedings in the probate court attached the record thereof as exhibits, such exhibits, insofar as not disputed or contradicted by the averments of the bill are as much a part of the bill as if set out therein.   (Rule 16, Ch. Pr.)

4. *Same; Grounds of Relief.*—Where complainant has an adequate remedy at law, equity will not afford him relief.

5. *Same; Vendor; Pleading.*—Unless appearing on the face of the bill, the defense of laches and innocent purchaser must be raised by answer.

6. *Homestead; Allotment; Right of Survivor.*—Under the Code of 1896, the actual homestead of a decedent vested absolutely in the widow and minor children without any proceedings setting it aside; but where land was not occupied as a homestead at the time of the death of decedent, and it is claimed as such, judicial proceedings were necessary to withdraw it from administration, and impress upon it its homestead character.

7. *Same; Allotment; Effect.*—Construing sections 2070, 2071, Code 1896, where the widow filed a petition under section 2083, Code 1896, praying that the land owned by deceased be set apart as a homestead and alleging that she was the only heir, it is held that although deceased left a minor son, the decree of the probate court adjudging the property to be the homestead, did not bar the right of such minor, whether the property was or was not the actual homestead of deceased; as the petition could have been filed for the benefit of the minor as well as of the widow, and the decree merely withdrew the property from administration as exempt property, and did not vest any title. Upon such contingency the statute intervened and transferred the land to the widow and minor children.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by John Scott against John Hogan and others to vacate certain proceedings in the probate court. From a decree overruling demurrer to the bill, respondent named appeals. Reversed, rendered, and remanded.

The bill alleges that the father of orator, one John S. Scott, died in Jefferson county, seised and possessed of, occupied by him as a homestead, lot No. 21 in block 6, Howell's addition to the town of Woodlawn. That said John Scott left a widow, and your orator who was at the time a minor, under 14 years of age, and who was residing in the above-described property at that time. That on the 29th day of July, 1903, Emma Scott, the widow, filed in the office of the probate judge of Jefferson county, Alabama, her petition in writing, in which she averred that she was the widow of said John S. Scott, that said John S. Scott died seised and possessed of no homestead, and leaving no minor children, and praying that said lot 21 be set apart to her in lieu of homestead. Whereupon the judge of probate issued a commission to certain parties therein named to set apart exemptions to the said widow, and on August 4, 1906, the commissioners filed their report with the judge of probate, setting aside lot 21 to said widow. That on August 4th said report was ordered to lie over for 30 days, and on September 4, 1903, the probate judge

confirmed the report of said commissioners setting aside said lot 21 in lieu of homestead. (The petitions, reports, and decrees are attached as exhibits.) Paragraph 4 sufficiently appears in the opinion. Paragraph 5 avers that the respondents named are claiming an interest in the lot above described under and by virtue of said probate proceedings, and it is averred that the legal title properly belongs in orator; but, so long as the probate decree remains in force,. he has no adequate remedy at law for the enforcement of his right to said property.

HORACE C. WILKINSON, for appellant. The fraud necessary to impeach a judgment must be actual fraud effecting the procurement thereof.—*McDonald v. Pearson,* 114 Ala. 630; *Stallworth v. Blum,* 50 Ala. 56; *Cromelin v. McCauley,* 67 Ala. 542; 98 U. S. 61; N. J. E. 229; 27 N. J. E. 315; 42 N. J. E. 573; 25 Pac. 970. Fraud is not well pleaded in this instance, and the demurrers do not admit that the acts complained of constituted fraud. —*Penny v. Jackson,* 85 Ala. 67. The proceedings to set aside the lot to the widow was a proceeding in rem.— *Singo v. Fritz,* 165 Ala. 658. All that was nesessary then was that the court had jurisdiction of the res, not that it had jurisdiction of the owner of the res.—*Friedman v. Shamlin,* 117 Ala. 455; *Lyons v. Hammer,* 84 Ala. 197. The proceedings did not bar the right of the minor, but his remedy at law was adequate.

GEORGE E. BUSH, for appellee. The allegation of fraud was sufficient to give equity jurisdiction, and the court properly overruled the demurrer.—*McBroom v. Rives,* 1 Stew 72; *Kennedy v. Kennedy,* 2 Ala. 572. Equity will take jurisdiction and relieve fraud.—Authorities supra. The question of limitation and laches is a matter for answer and not for demurrer in this case.

GARDNER, J.—The material averments of the bill will appear in the report of the case; but for convenience the fourth paragraph will be here quoted, as follows:

"And your orator avers that said petition filed by the said Emma Scott was a fraud upon your orator in this, that said lot 21 was the homestead of the said John S. Scott at the time of his death, and that your orator was at the time of the filing of said petition a minor, under the age of 14 years, and was not made a party in any way to said proceedings, nor had he any knowledge of said proceedings until on or about the 1st day of May, 1912."

This is the only averment of fraud found in the bill, and indeed is the only attack made upon the proceedings in the probate court. It therefore appears that the only equity upon which complainant seeks to rest his case is the cancellation of the judgment and proceedings in the probate court, setting apart said premises as exempt to the widow, and the averments of paragraph fourth, above quoted, constitute the fraud upon which the cancellation is sought.

The sufficiency of the bill in this respect is challenged by numerous assignments of demurrer; but a consideration of each assignment separately is considered unnecessary.

A bill of this character is commonly called an original bill in the nature of a bill of review.—*McDonald v. Pearson,* 114 Ala. 630, 21 South. 534.

Speaking of the general jurisdiction of a court of equity to grant relief against fraud, it was said in the opinion of the above cited case as follows:

"The jurisdiction extends to the vacation of the judgments or decrees of courts which have been *procured* by fraud. But the final judgment or decree of a court of

competent jurisdiction is impeachable only for *actual fraud* in its *procurement.*" (Italics ours.)

It seems to be a well-established doctrine that the acts for which a court of equity will set aside a judgment of a court of competent jurisdiction have relation to frauds *extrinsic* or *collateral* to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered. And it is equally as well settled that the court will not set aside a judgment because founded on perjured testimony, or on a fraudulent instrument, or for any matter presented by the issue in the first court. Speaking to this question, the court, in the case of *United States v. Throckmorton,* 98 U. S. 61 25 L. Ed. 93, has this to say:

"That the mischief of retrying every case in which the judgment or decree rendered on false testimony given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

The case of *Hanley v. Hanley,* 114 Cal. 690, 46 Pac. 736, is very much in point, as a reading of the facts of that case will disclose. The bill in that case, filed by the heirs of Patrick Hanley, sought to vacate a judgment by which certain property was set aside to the widow, Ellen Hanley, as homestead, and averred that the said Ellen Hanley willfully, falsely, and fraudulently represented to the court, and testified, that the said premises were community property, and also falsely represented that a certain declaration of homestead had been filed on said premises while she and her husband were actually residing thereon. The bill was held insufficient; the court using this language:

"The decree of the superior court setting apart said homestead was final, unless reversed on appeal, and it cannot be atacked collaterally in an independent action upon the grounds set up in the complaint. A judgment or decree of a court of competent jurisdiction can be set aside in an independent equitable proceeding for fraud only when the fraud alleged was extrinsic or collateral to the matter which was tried and determined by such court, and such is not the character of the fraud alleged in the complaint in this action."

In the opinion it is also declared as settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. Among the instances cited in the books as to what constitutes extrinsic or collaterial fraud, as pointed out in the opinion, are these: Keeping the unsuccessful party away from the court by false promise of compromise, or purposely keeping him in ignorance of the suit, or where an attorney fraudulently pretends to help a party, and connives at his defeat, or, being regularly employed, corruptly sells out his client's interest."

The case of *Dringer v. Receiver of the Erie Railway,* 42 N. J. Eq. 573, 8 Atl. 811, is of interest in this connection, and the opinion contains many citations and quotations as well. Among other quotations is the following extract from the opinion of Chief Justice Shaw, in the case of *Green v. Green,* 2 Gray (Mass.) 361, 61 Am. Dec. 454:

"The maxim that fraud vitiates every proceeding must be taken, like other general maxims, to apply to cases where proof of fraud is admissible. But, where the same matter has been either actually tried or so in issue that it might have been tried, proof of fraud is not again admissible. The party is estopped to set up such

fraud, because the judgment is the highest evidence, and cannot be controverted."

This case also holds that the acts for which a court of equity will vacate a judgment for fraud have relation to frauds extrinsic and collateral to the matter tried by the court, and not to a fraud in the matter on which the decree was rendered.

The same principle is stated, but in different language, in the case of *Stratton v. Allen*, 16 N. J. Eq. 229, as follows:

"It seems to be conclusively settled that a judgment can only be impeached in a court of equity for fraud in its concoction."

Similar language is used by Chief Justice BRICKELL in *McDonald v. Pearson, supra,* 114 Ala. 644, 21 South. 537, where he says:

"The allegations of the bill have been carefully scrutinized, and, subjecting them to the tests of the general principles to which we have referred, we cannot reach the conclusion that they make a case of fraud practiced to the injury of the complainants, and certainly not that they can be accepted as disclosing *actual fraud* in the procurement, or, as is often expressed, 'the concoction' of the decree, justifying its vacation."

The following authorities from our own court are also in point: *Cromelin v. McCauley,* 67 Ala. 542; *Stallworth v. Blum,* 50 Ala. 46.

The conclusion we here reach is fully sustained in the recent case of *Hardeman v. Donaghey,* 170 Ala. 362, 368, 54 South. 172, 174, where, in the opinion, it is said:

"There seems to be a well-defined distinction between fraud practiced in the rendition and procurement of a judgment 'in the very act of obtaining the judgment or in its concoction,' and in fraud antecedent to the judgment, such as would have constituted a good defense

to the rendition of the judgment, but not connected with the proceedings by which it was obtained. In other words, to come within the former rule, the fraud must relate to the proceedings, such as falsifying the entries, improperly influencing court, jury, witnesses, etc., such misconduct as has some direct bearing on the rendition of the judgment, and not triable or subject of controversy under the issues involved upon the trial, and the truth or falsity of which was not in issue."

Many cases are in this opinion reviewed.

Without further citation of authority, however, it is clear that the bill in this case, as one to vacate a judgment or proceeding for fraud, is wholly insufficient. We are furthermore of the opinion that, under the averments of this bill, complainant has by said proceedings suffered no injury, and that in any event his remedy at law is adequate and complete and unaffected thereby. The bill does not show complainant in possession.

It is alleged that the lot of which his father died seised and possessed, and which is described in the bill, was the homestead and was occupied as such at the time of his death.

The proceedings in the probate court to set the lot aside as a homestead upon the petition of the widow are made exhibits to the bill. The effect, therefore, of the exhibition of these proceedings was to make them as much a part of the bill as if set out in the body of the bill, in so far as they are not disputed or contradicted by its averments.—*Conoley v. Harrell*, 182 Ala. 243, 62 South. 511; rule 16, Ch. Pr. Code, p. 1533.

So considered, therefore, the bill, with these exhibits, discloses that the lot was of valuation and area less than the exemptions allowed by law, and that it was all the property of any character owned by the decedent at the time of his death (Exhibit A). If, therefore, the aver-

ments of the bill be accepted as true, that said lot was the homestead, and that complainant was the only minor child, then the title thereto vested absolutely in the widow and complainant, share and share alike, without any proceedings setting the same aside.—*Brooks v. Johns, Adm'r,* 119 Ala. 412, 24 South. 345; *Tartt v. Negus,* 127 Ala. 307, 28 South. 713; *Faircloth v. Carroll,* 137 Ala. 243, 34 South. 182. In what is here said, it is, of course, understood that we make reference to the law applicable at the time of the death of the decedent, J. S. Scott (Code 1896), and not to our present Code. On the other hand, this court has held that, in the absence of occupancy by the decedent at the time of his death, judicial proceedings are necessary in order to separate and impress the homestead character upon the land not then so used, and thus withdraw it from administration. This distinction seems first to have been made in *Thacker v. Morris,* 166 Ala. 395, 52 South. 73, which case is cited with approval in *Headen v. Headen,* 171 Ala. 521, 54 South. 646, and *Hall v. Hall,* 171 Ala. 618, 55 South. 146. The date of the death of decedent is alleged to have been March 25, 1902, and therefore the probate proceedings fall under the provisions of the Code of 1896.

The petition by the widow (Exhibit A) shows that there was administration on the estate, and that the lot was not the homestead, but was of valuation less than $2,000, and was all the property of any nature whatsoever owned by said decedent, and prayed that the same be set aside as exempt, etc. Section 2070 of the code of 1896 provides that, if a decedent has no homestead exempt, his widow and minor child or children, or either, shall be, unless they have obtained the benefit of such exemption under section 2062, entitled to a homestead exemption out of any other real estate owned by him.

The following section (2071, Code of 1896) provides that, when the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, the title to such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not. The petition by the widow in this instance, was filed under section 2083 of the Code of 1896. The petition, under this section, may be filed either by or on behalf of the widow and minor child or children, or either, as the case may be, and should set forth the facts authorizing such exemption, describing the real estate out of which the exemption is claimed, and stating its value. Three commissioners are then appointed by the probate court to set apart and allot the same by metes and bounds. As the petition could be filed on *behalf* of the widow and minors, or either, as the case may be, and an administration was in that case pending, the same could have been filed by the administrator for the benefit of those for whom such exemptions were to be set apart.

Other statutory provisions as to the proceedings need not be referred to further than to state that a reading of these sections shows that the purpose thereof is to *fix the status* of the property as exempt as a homestead, and not to vest title. Upon the property being so set apart, the *statute* (section 2071, Code) itself intervenes, and, without the aid of any court to that effect, vests the exempt property in the widow and minor child or children, where the same constitutes all the real estate owned by the decedent at the time of his death.

We think this also sufficiently appears from the language of former decisions of this court, as in *Thacker v. Morris, supra,* it was said:

"In the absence of occupancy by the decedent at the time of his death, judicial proceedings would seem nec-

essary *in order to separate and impress the homestead character* upon land not then so used, and thus withdraw it from administration."

So in *Hall v. Hall, supra,* where, in such a case, it is held that appropriate proceedings are necessary "to determine the *status* of the land as a *homestead,* or to mark its boundaries or fix its limits as to amount or value." In the case of *Headen v. Headen, supra,* it appears that in the decree the probate court had not only set apart the property as exempt to the widow, but also vested the title to all of the decedent's estate in the said widow in fee simple. The opinion says:

"If it be conceded that the jurisdiction of the probate court extended no further than to confirm the report of the commissioners setting apart the property, and to declare that result, it is clear that the decretal statement that the title was vested in the widow in fee simple was mere surplusage, unnecessary, it is true, but in no wise affecting the validity of the decree. As matter of law, when a valid decree of *allotment* is made, the *statute operates automatically* upon the *title* and immediately vests it in fee simple in the widow." (Italics ours.)

See, also, *Singo v. Fritz,* 165 Ala. 658, 51 South. 867.

As before stated, the petition here (Exhibit A) could have been filed by the administrator on behalf of the widow and minor child. It is not required that the widow and minor child or children be named in such petition; but the petition should show "the facts authorizing such exemption," which would include, of course, that there were those entitled thereto as widow and minor child, etc. As disclosed by the statute and these decisions, the gist of the proceedings in the probate court is to *fix the status* of the property as exempt to those entitled thereto, to fix its boundaries and limits as to amount and value, and that it is not within the

scope of such proceedings to *vest title* by a decree of the court. *Headen v. Headen, supra.* Nor does the decree of the probate court, in this instance, make any such attempt. Upon the allotment of the property as a homestead exemption, upon the confirmation of the report of the commissioners to this effect, the *law* then intervenes in cases of this character and vests the title in the widow and minor child or children, as the case may be. The vesting of the title in the instant case, therefore, was in no manner dependent upon a decree to that effect; but by statute it vested automatically upon a decree which set apart the property as exempt, thereby fixing its status as such.

If, therefore, we look at the averment of the bill to the effect that the said lot was in fact occupied by decedent at the time of his death as a homestead, and that complainant was the only minor child, and consider this in connection with the exhibits to the bill showing its valuation, and that it was all the property owned by the decedent, it would show the title thereto as vesting in fee simple in said widow and complainant (*Brooks v. Johns, Adm'r, supra*), and the fact that the petition alleged that all the heirs were of full age would not affect the title thus vesting, as, whether so or not, the probate decree would be the same; there being some one for whom such exemptions were allotted and set apart, and it being not within the scope of such proceedings to vest by a decree the title. On the other hand, should it be insisted that the proceedings were conclusive, and not subject to collateral attack, as to that part wherein it is averred that the lot was not the homestead (a question not necessary to be decided [*Dickinson v. Champion*, 167 Ala. 613, 52 South. 445]), the result would still be the same; the property having been set apart as exempt, the title by virtue of the statute then was vested

under the averments of the bill, in the said widow and minor child.—*Thacker v. Morris, supra.* This being, therefore, the case, and complainant not being in possession, the bill shows no obstacle in the way of an assertion of any right complainant may have in a court of law. Our conclusion, therefore, is that the complainant is without injury, in so far as the said probate decree is concerned, and that any rights he may have are unaffected thereby.

It thus appearing that complainant's remedy at law was adequate and complete, our opinion follows that the bill is without equity, and that the demurrer thereto should have been sustained.

We deem it unnecessary to consider the other questions presented as to laches and innocent purchaser further than to restate the general rule that such are defensive matters, and cannot be taken by demurrer, unless, of course, so disclosed by the averments of the bill.

Our conclusion is the court erred in overruling the demurrer to the bill, and a decree will be here rendered, sustaining the demurrers, and remanding the cause to the chancery court for such proceedings as may there to that court seem proper.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.